Sucesión de Francisco María Franceschi, Etc., demandante y apelada, *v.* Corporación Hipódromo de Ponce, Inc., demandada, y Xavier Mariani Palmieri, apelante.

No. 4927.—*Sometido:* Febrero 11, 1930. *Resuelto:* Abril 7, 1930.

*Tous Soto & Zapater,* abogados del apelante; *F. Parra Capó* y *López de Tord & Zayas Pizarro,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En un procedimiento ejecutivo seguido de acuerdo con la Ley Hipotecaria por los componentes de la sucesión de *Francisco María Franceschi* v. *La Corporación Hipódromo de Ponce* en cobro de cierta cantidad de dinero garantizada con primera hipoteca en una finca de la demandada se presentó en los autos una tercera persona, Xavier Mariani Palmieri, tres días antes del señalado para ser vendida en subasta judicial la finca gravada, alegando que según consta en los autos es segundo acreedor hipotecario de dicha finca y que en tal carácter había pagado a El Pueblo de Puerto Rico $999.42 que esa finca debía por contribuciones, para que no fuese vendida por esa deuda, y que en virtud de tal pago quedó subrogado en el derecho preferente que tiene El Pueblo de Puerto Rico para el cobro de sus contribuciones, por lo que pidió a la corte ordenase al márshal que hiciese efectivo el referido crédito por contribuciones y sus intereses al peticionario con el producto de la subasta en este caso y con preferencia al crédito hipotecario que se ejecuta.

Aparece que fué señalado día para oír a las partes sobre esa moción, pues comparecieron los ejecutantes y dicha tercera persona ante la corte presentando entonces los ejecutantes moción escrita solicitando de la corte que ordenase la eliminación de la solicitud del Sr. Mariani, siendo su primer motivo porque se trataba de interrumpir y afectar el procedimiento ejecutivo, pero la corte desestimó ese motivo porque no se trataba de interrumpir el procedimiento ejecutivo sino de que el márshal retenga algo de lo que produzca la subasta; pero después la corte dijo que suspendería la subasta anunciada mientras resolviera la moción, para evitar lo cual los ejecutantes ofrecieron dar fianza para responder al Sr. Ma-

riani de cualquier derecho que pueda tener. Algunos días después la corte negó la petición del Sr. Mariani fundada en que de acuerdo con el artículo 333 del Código Político no tiene un crédito preferente al de los ejecutantes, y habiendo solicitado el Sr. Mariani que esa resolución fuese reconsiderada la corte señaló otro día para que se practicaran pruebas y después de oírlas dictó resolución ratificando la anterior. Entonces el Sr. Mariani interpuso el presente recurso de apelación.

Al contestar la sucesión apelada por escrito el alegato, también escrito, del apelante, dice que esta apelación debe ser desestimada porque la resolución recurrida no es apelable; pero como la apelada no ha hecho un estudio detenido de esa cuestión; como sobre la misma nada ha dicho la parte contraria, pues las partes no asistieron a la vista de la apelación; y como según el estudio que hemos hecho de los autos y de los alegatos escritos no revocaremos la resolución de la corte inferior, prescindiremos de resolver la cuestión propuesta por la sucesión apelada ya que el no decidirla no ha de causarle perjuicio.

El presente caso es un procedimiento especial y sumario entre partes privadas en el que no tiene derecho a intervenir el apelante Sr. Mariani porque el artículo 175 del Reglamento de la Ley Hipotecaria dispone claramente que los procedimientos ejecutivos sumarios no podrán suspenderse por medio de incidentes ni por otro alguno a instancia del deudor, del tercer poseedor, ni de ninguno otro que se presente como interesado, salvo en los tres casos que especifica y en ninguno de los cuales se encuentra la petición del Sr. Mariani; y porque dispone también que todas las demás reclamaciones que puedan formular así el deudor como los terceros poseedores y los demás interesados se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo, concediendo el poder solicitar como aseguramiento de la sen-

tencia la retención del todo o de una parte de la cantidad que por el procedimiento ejecutivo deba entregarse al ejecutante.

La moción del apelante interesando se ordenase al márshal que con el producto de la subasta le pagase con preferencia a los ejecutantes planteó dentro del procedimiento ejecutivo hipotecario, cuyos trámites consisten en requerir de pago al demandado y si no lo hiciese efectivo dentro de treinta días ordenar la venta de la finca hipotecada, una cuestión de hecho y de derecho contencioso, que era materia de prueba y de discusión con los ejecutantes ya que la expedición de tal . orden les privaría de su derecho como primeros acreedores hipotecarios a cobrar con preferencia a los demás acreedores de su deudor, y por esto su resultado fué el de tramitar un juicio declarativo plenario sobre prelación de créditos dentro de un procedimiento especial y sumario como el seguido por los apelados en este caso, lo que está expresamente prohibido por el Reglamento de la Ley Hipotecaria.

Además, esa moción produjo el efecto consiguiente a ella de paralizar el procedimiento ejecutivo hipotecario, pues no pudiendo ser resuelta antes de la subasta por el momento en que fué presentada, era necesario, y así lo dijo la corte, suspender el procedimiento de la subasta, y para que eso no ocurriese se vieron precisados los ejecutantes a ofrecer afianzar la reclamación del apelante, requisito a que no están obligados por el procedimiento ejecutivo hipotecario para obtener la venta de la propiedad hipotecada. Y ha producido también el resultado de que se haya establecido esta apelación con el fin de que se resuelva que el apelante tiene el derecho preferente que alega.

*Todo lo expuesto se hizo en contravención de lo dispuesto para el procedimiento seguido por los ejecutantes y por este motivo es que debe ser confirmada la resolución de la corte inferior.*

El Juez Asociado Señor Hutchison está conforme con la sentencia.