José Manuel Alonso Muñoz, demandante y apelante, *v.* Ramón Nieves Luyando, demandado y apelado.

Núm. 7517.—*Sometido:* Mayo 27, 1937. *Resuelto:* Julio 31, 1931.

*R. Díaz Collazo,* abogado del apelante; *Luis E. Dubón,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Se trata de una demanda de desahucio en precario. Alega el demandante que es dueño de una finca rústica de 77 cuerdas, radicada en el término municipal de Bayamón; que el demandado, alegando la existencia de un contrato verbal de aparcería agrícola con la anterior dueña de la finca y que dice fué celebrado con el conocimiento y consentimiento del demandante, ocupa la finca sin pagar canon o merced alguna y se niega a desalojarla a pesar de haber sido requerido para ello desde el 19 de febrero de 1937, de acuerdo con lo dispuesto por la sección 11 de la Ley núm. 76 de mayo 4 de 1931 (Leyes de 1931, pág. 467. Se pide en la demanda que se ordene al demandado desocupar y dejar la finca a disposición del demandante; que se le lance de la finca si se negare a entregarla; que se le impongan las costas, gastos y honorarios de abogado; y que se nombren peritos para la tasación de los frutos pendientes de recolección, reservando al demandado todos los derechos que le correspondan bajo la ley que establece el procedimiento para el desahucio.

La demanda fué radicada el 1 de marzo de 1937 y en esa misma fecha la corte ordenó que se convocara a las par-

tes para una comparecencia que habría de celebrarse el día 8 del mismo mes y año.

El día 11 de marzo de 1937, el demandado formuló una excepción previa atacando la suficiencia de los hechos alegados en la demanda, y radicó al mismo tiempo una contestación en la que después de negar todos los hechos esenciales de la demanda, interpuso siete defensas especiales y dos defensas especiales y separadas, a las que por ahora no es necesario hacer mención.

Por resolución del día 15 de marzo de 1937 la corte de distrito declaró sin lugar la excepción previa formulada por el demandado y ordenó la continuación de la vista de la primera comparecencia para una fecha subsiguiente.

Posteriormente el demandante formuló excepción previa de falta de hechos contra las defensas especiales y contra las defensas especiales y separadas contenidas en la contestación del demandado, y asimismo solicitó en otro documento la eliminación de las mismas.

El 31 de marzo de 1937 la Corte de Distrito de Bayamón reconsideró *motu proprio* su anterior resolución dictada el 15 de marzo del mismo año, y contrario a lo que había resuelto, declaró con lugar la excepción previa que había formulado el demandado, y concedió al demandante un término de diez días para radicar demanda enmendada. Se basó dicha resolución en que habiéndose interpuesto la demanda al amparo de las disposiciones de la ley que regula y reglamenta el contrato de aparcería agrícola (Ley núm. 76, aprobada en 4 de mayo de 1931), y negando el demandante expresamente en su demanda que existiera contrato alguno de aparcería, no podía éste acogerse a la sección 9 de dicha ley que enumera las causales de que puede valerse un terrateniente para desahuciar judicialmente al aparcero, ni a la sección 11, que tampoco le confiere un derecho o causa de acción en desahucio.

Atemperándose a los términos en que fué dictada la resolución ya referida, radicó el demandante el día 7 de abril

de 1937 una demanda enmendada en que, entre otras cosas, alega: ''Que por sentencia de esta Hon. Corte de fecha 18 de marzo de 1936, confirmada por el Hon. Tribunal Supremo de Puerto Rico en diciembre 11 de 1936, se resolvió y estableció que el demandado venía y viene cultivando la finca (la descrita en el apartado 2 precedente) mediante una situación que tiene prima facie todas las características de un contrato de aparcería celebrado verbalmente con la anterior dueña, y que de ese contrato tenía el demandante suficiente conocimiento antes, al tiempo y luego de adquirirla;'' que requirió al. demandado para que desalojara la finca anteriormente descrita y que éste se negó a desalojarla; que se obliga a indemnizar a dicho demandado los daños y perjuicios que le cause como consecuencia del ejercicio de esta acción, y, además, a pagarle la parte proporcional que le corresponda, si alguna, en los frutos sembrados en la finca referida, previa tasación de peritos nombrados al efecto. Suplica por último que se ordene al demandado a desocupar y a dejar a su libre disposición la mencionada finca, apercibido de lanzamiento si así no lo hiciere, con imposición de costas y honorarios.

Excepcionó el demandado esta demanda enmendada, y la corte inferior, por sentencia del 20 de abril de 1937, declaró sin lugar la demanda con imposición al demandante de las costas y de $300 para pago de honorarios, fundándose esta vez la corte en que: (a) constando enumeradas en la sección 9 de la Ley núm. 76, aprobada el 4 de mayo de 1931, las causas que dan derecho a un terrateniente a ejercitar la acción de desahucio, y no alegándose en la demanda la violación por el aparcero de ninguna de ellas, la demanda debía ser declarada sin lugar; y (b) en que la sección 11 de dicha ley, invocada por el demandante, no lo faculta, por el mero hecho de haber requerido al demandado para que desocupara la finca, a ejercitar la acción de desahucio promovida.

No conforme el demandante con dicha sentencia, apeló de ella para ante este Tribunal Supremo, imputándole a la corte sentenciadora dos errores, los que discutiremos en el orden en que han sido señalados:

"Primero: Erró la Corte de Distrito de Bayamón al declarar que la demanda enmendada no aduce hechos suficientes para constituir una causa de acción.

"Segundo: Asimismo erró el tribunal sentenciador al imponer costas al demandante apelante, y; además, al condenar a dicho demandante apelante al pago de honorarios de abogado, y, además, al fijar dichos honorarios en la suma de $300.00."

En un recurso anterior entre las mismas partes, *Alonso* v. *Nieves,* 50 D.P.R. 710, esta Corte Suprema resolvió:

"Un aparcero no es un poseedor en precario y la sección 18 de la Ley para reglamentar los procedimientos de desahucio (Código de Enjuiciamiento Civil, Ed. 1933, sección 637, Comp. 1642) no puede ser invocada con éxito en un caso de esta naturaleza. Los fundamentos por los cuales puede instruirse un procedimiento de desahucio contra un aparcero y el procedimiento a seguir en tal recurso están prescritos por las secciones 9 y 10 de la Ley de 1931, supra."

Las secciones 9 y 10 de la citada ley de 1931, que regula los contratos de aparcería, leen así:

"Sección 9.—El terrateniente podrá desahuciar judicialmente al aparcero por alguna de las causas siguientes:

"1. Haber expirado el término convencional o el que se fija para la duración de este contrato en la sección 3 de esta Ley.

"2. Infracción de cualquiera de las condiciones estipuladas en el contrato; *Disponiéndose,* que en este caso el aparcero tendrá derecho a que se le pague la parte proporcional que le corresponda en los frutos sembrados previa tasación de peritos nombrados al efecto.

"Sección 10.—Si una finca sujeta a contrato de aparcería agrícola fuera vendida, cedida o arrendada a otra persona, el aparcero podrá exigir que se le deje recoger los frutos de la cosecha que corresponda al año agrícola corriente pudiendo el aparcero reclamar como suyos labores, plantíos o cualquier otra cosa a que tenga derecho."

No habiéndose pactado término alguno para la duración del alegado contrato de aparcería, el demandante, después de dictada la sentencia en el caso de *Alonso* v. *Nieves,* supra, procedió a requerir al demandado para que desocupara la finca, creyendo tal vez que bastaba ese requerimiento y la negativa del demandado a desocupar el inmueble para dar al demandante el derecho a entablar una acción de desahucio en precario contra el aparcero, de acuerdo con la interpretación que da el demandante a la Sección 11 de la citada Ley núm. 76 de 1931, que dispone:

"Sección 11.—El terrateniente podrá requerir al aparcero para que desocupe la finca antes del vencimiento del contrato o del tiempo que establece la sección 3 de esta Ley; pero en ese caso vendrá obligado a indemnizarle los daños y perjuicios que se le causen y, además, a pagarle la parte proporcional que le corresponda en los frutos sembrados, previa tasación de peritos nombrados al efecto."

La cuestión legal que debemos resolver puede formularse así: ¿Surge un derecho de acción de desahucio en precario contra un aparcero que ocupa una finca sin término convencional, por el solo hecho de fijarle un término al contrato de aparcería al requerirle por medio de notario para que desocupe y deje la finca a la libre disposición de su dueño? Opinamos que no. La citada sección 11 reconoce el derecho del terrateniente a poner fin al contrato de aparcería mediante el requerimiento al aparcero para que desocupe la finca; pero también impone al terrateniente la obligación de pagar al aparcero los daños y perjuicios que se le causen y la parte que le corresponda en los frutos sembrados y pendientes de recolección.

En el caso de autos el demandante se limitó a requerir al demandado aparcero para que desocupe la finca, sin fijarle plazo dentro del cual debería salir de la finca, sin pagarle ó por lo menos ofrecerle o garantizarle en alguna forma el pago de las sumas que pudieran corresponderle por concepto de daños y perjuicios y valor de los frutos. El cumplimiento

o el ofrecimiento de cumplir, por parte del terrateniente, las obligaciones que le impone la sección 11 de la citada ley es, a nuestro juicio, una condición precedente al derecho a desahuciar al aparcero.

Para mejor guía de la profesión en la aplicación de la ley resolvemos que de acuerdo con la sección 11 de la Ley núm. 76 de 1931, cuando en el contrato de aparcería no se ha fijado término para la duración del mismo y el terrateniente desea terminarlo y recuperar la posesión de la finca, dicho terrateniente tiene derecho a pedir el desahucio del aparcero siempre que de su demanda aparezcan como cumplidos los requisitos siguientes:

1. Que el aparcero fué requerido para que desocupara la finca dentro del plazo fijado por el terrateniente.
2. Que el terrateniente pagó u ofreció pagar al aparcero, en el acto del requerimiento para que desalojara la finca, los daños y perjuicios que pudiere causarle, más el importe de su participación en los frutos pendientes.
3. Que el aparcero fué requerido para que se aviniese a nombrar peritos para la tasación de los frutos.
4. Que a pesar de haberse cumplido los requisitos precedentes, el aparcero se ha negado a desocupar la finca.

La demanda en el caso de autos no alega que se hayan cumplido ninguno de esos requisitos. La corte inferior no erró al sostener la excepción previa fundada en la insuficiencia de los hechos alegados para constituir causa de acción.

El segundo señalamiento se refiere a la imposición de las costas, más $300 de honorarios a la parte apelante. No creemos que se haya demostrado que la corte sentenciadora abusara de su discreción al fijar los honorarios de abogado. Y dada la importancia del caso y el trabajo realizado por el abogado del demandado, no parece que la suma fijada sea excesiva.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.