THE NATIONAL CITY BANK OF NEW YORK, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 880.—*Sometido:* Enero 9, 1933. *Resuelto:* Enero 20, 1933.

*Oscar Souffront,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Este recurso ha sido interpuesto por haberse negado el registrador de la propiedad de Mayagüez a anotar un embargo trabado en el derecho que Francisco del Moral tenga como heredero de su madre doña Carmen Nadal Freyre en tres fincas de ella que ahora están inscritas a nombre de El Pueblo de Puerto Rico por adjudicación que le fué hecha para cobrar sus contribuciones sobre ellas.

El argumento aducido en apoyo de este recurso es que como esas fincas pueden ser redimidas por autorización de la ley, mientras el término concedido por la misma para tal fin no transcurra, el deudor por contribuciones conserva el derecho real de dominio sobre la finca vendida o adjudicada cuyo embargo puede ser anotado en el registro y que el título del comprador o adjudicatario no puede ser inscrito hasta que transcurra el término de redención. Podríamos limitarnos a decir que estando inscritas las fincas en el re-

gistro a nombre de El Pueblo de Puerto Rico esto por sí
solo es un obstáculo para anotar en este caso el embargo he-
cho en el derecho que pueda tener Francisco del Moral como
heredero de su madre, de acuerdo con el artículo 17 de la
Ley Hipotecaria preceptivo de que inscrito o anotado pre-
ventivamente en el registro cualquier título traslativo del
dominio o de la posesión de los inmuebles o de los derechos
reales sobre los mismos, no podrá inscribirse o anotarse nin-
gún otro de igual o anterior fecha por el cual se transmita
o grave la propiedad del mismo inmueble o derecho real.
Sin embargo, queremos decir que el título de compra o de
adjudicación en subasta para el pago de contribuciones trans-
mite la propiedad al comprador o adjudicatario y es inscri-
bible, a pesar del derecho de redención que la ley concede al
deudor, que constituye una condición resolutoria porque sólo
obliga al comprador o adjudicatario a restituir la cosa que
ha recibido en caso de que llegue a verificarse el aconteci-
miento previsto. Mientras la condición pende, el anterior.
dueño de las fincas así vendidas o adjudicadas no tiene más
derecho que el de recobrarlas si cumple con los requisitos
exigidos por la ley. Esta clase de venta es similar a la de
retroventa convencional, en la que el dominio se transmite
al comprador y se inscribe sujeto a la condición del retro y
cuya venta queda consolidada al transcurrir el término del
retracto sin haberlo utilizado.

*La nota recurrida debe ser confirmada.*