THE NATIONAL CITY BANK OF NEW YORK, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

No. 910.—*Sometido:* Enero 18, 1934. *Resuelto:* Enero 24, 1934.

E. T. *Fiddler* y *Jorge L. Córdova,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El National City Bank of New York interpuso este recurso por haberse negado el Registrador de la Propiedad de Humacao a inscribir un documento que le presentó con tal fin.

Del documento presentado para inscripción aparece que en una ejecución de hipoteca seguida en la Corte de Distrito de Humacao por el National City Bank of New York contra Garzot & Fuertes, el márshal de dicha corte vendió al banco

recurrente una finca en la que enclava una central llamada "Triunfo," otorgándole la correspondiente escritura de venta. Al ser presentada esa escritura para inscripción de la finca a nombre del banco el registrador la negó por lo siguiente:

"DENEGADA la inscripción de este documento porque la finca se halla inscrita actualmente a favor de El Pueblo de Puerto Rico en virtud de subasta pública celebrada el 7 de junio de 1933 para cobro de contribuciones sobre la propiedad por los ejercicios 1928–29, 1929–30 y 1930–31, ascendentes a $34,866.92, de contribuciones sobre ingresos por los años 1927, 1928 y 1931, ascendentes a $5,238.49, y de derechos sobre elaboración de azúcares por el ejercicio de 1931–32, ascendentes a $8,001.56, la cual subasta fué notificada al National City Bank of New York como tenedor de 10 pagarés hipotecarios de $35,000 cada uno; no habiéndose ejercitado aún por el contribuyente moroso Garzot & Fuertes u otra persona interesada el derecho de redención; por lo cual se toma anotación por 120 días de acuerdo con la ley a favor del National City Bank of New York."

■■ En el caso de *National City Bank* v. *Registrador*, 44 D.P.R. 431, hemos resuelto que el título de adjudicación de compra en subasta para el pago de contribuciones transmite la propiedad al comprador o adjudicatario y es inscribible a pesar del derecho de redención que la ley concede al deudor, que constituye una condición resolutoria porque sólo obliga al comprador o adjudicatario a restituir la cosa que ha recibido en caso de que llegue a verificarse el acontecimiento previsto; y que mientras la condición pende, el anterior dueño de las fincas así vendidas o adjudicadas no tiene más derecho que el de recobrarlas si cumple con los requisitos exigidos por la ley. También dijimos que esa clase de venta es similar a la de retroventa condicional en la que el dominio se transmite al comprador y se inscribe sujeto a la condición del retro y cuya venta queda consolidada al transcurrir el término del retracto sin haberlo utilizado.

El recurrente conoce esa resolución pero dice que las disposiciones de nuestro Código Político sobre venta en cobro de contribuciones han sido tomadas de estatutos similares de los Estados Unidos y cita de Cooley sobre Tasación el pá-

rrafo 1458, en el que se dice que el derecho a tomar posesión está generalmente fijado por el estatuto y que ordinariamente el derecho a la posesión queda en el dueño y no en el comprador hasta que expira el término de redención. Nosotros, sin embargo, tenemos estatuto que transfiere la finca así adquirida al comprador desde la venta, pues el Código Político dispone en su artículo 347, enmendado por la ley de 14 de marzo de 1907, pág. 341, que el colector entregará al comprador de bienes vendidos por falta de pago de contribuciones un certificado de compra dentro de diez días subsiguientes a la venta, según el artículo 343, y que al recibo del mismo puede el comprador, sus herederos o cesionarios hacer que sea debidamente inscrito por el registrador de la propiedad. Y el artículo 352, también enmendado en 1907, página 345, dispone que cuando no hubiere postor suficiente que cubra todas las contribuciones, penalidades y costas de la finca anunciada en venta, podrá comprarse por el colector a nombre de El Pueblo de Puerto Rico y librará y hará que se inscriba en el Registro de la Propiedad un certificado de compra a favor de El Pueblo de Puerto Rico; y que si el derecho de redimir la finca no se ejercitare, dicho certificado, una vez inscrito en el registro de la propiedad, constituirá título absoluto de propiedad a favor de El Pueblo de Puerto Rico. Por consiguiente, esa clase de venta transfiere el derecho de propiedad al comprador, es inscribible como tal y así está inscrita la finca a favor de El Pueblo de Puerto Rico, por lo que no puede inscribirse ahora venta alguna que no esté hecha por El Pueblo de Puerto Rico mientras subsista la inscripción actual.

Dice también el banco que por el hecho de haber comprado en subasta judicial la finca "Triunfo" es el dueño del derecho de redención que tenía Garzot & Fuertes por la adjudicación al Pueblo de Puerto Rico para el cobro de sus contribuciones y que ese derecho puede ser inscrito en el registro a pesar de la inscripción existente a favor de El Pueblo de Puerto Rico, para estar protegido contra tercera persona,

pero no tenemos que decidir esa cuestión en este recurso por-
que el registrador no ha negado la inscripción de tal derecho
de redención sino la inscripción del traspaso de la propiedad
de la finca a favor del banco, que fué lo que le pidió el recu-
rrente. El registrador no ha tenido oportunidad de resolver
si inscribe o no a favor del banco el derecho de redención que
tenía el anterior dueño de la finca. Cuando tal inscripción
se solicite, se niegue y se recurra, será que habrá que decidir
esa cuestión.

*La nota recurrida debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.