José Manuel Alonso Muñoz, demandante y apelante, *v.* Ramón Nieves Luyando, demandado y apelado.

Núm. 7315.—*Sometido:* Noviembre 25, 1936.—*Resuelto:* Diciembre 11, 1936.

*Román Díaz Collazo,* abogado del apelante; *Dubón & Ochoteco,* abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Alonso entabló una acción de desahucio en la teoría de que el demandado era un mero poseedor en precario. Este último alegó el derecho de posesión, fundado en un contrato de aparcería. La corte de distrito resolvió que la evidencia aducida en apoyo de la contención del demandado bastaba para demostrar que él era un aparcero y no un mero po-

seedor en precario, y desestimó el recurso. El demandante apela y sostiene que:

"*Primero:* La corte inferior cometió error manifiesto al considerar y apreciar la prueba de las partes en este caso;

"*Segundo:* La corte inferior aplicó en su fallo el criterio de la duda, en lugar de aplicar el de la preponderancia de la prueba;

"*Tercero:* La corte inferior ignoró la mayor parte de la evidencia ofrecídale por las partes y en su consecuencia dictó un fallo contrario a la preponderancia de la prueba;

"*Cuarto:* La corte inferior pasó por alto las disposiciones terminantes de la ley estableciendo el procedimiento para el desahucio;

"*Quinto:* La corte inferior erró al declarar la existencia de un contrato de aparcería agrícola entre demandante y demandado;

"*Sexto:* La corte inferior cometió error manifiesto al dictar sentencia declarando sin lugar la demanda;

"*Séptimo:* La corte inferior abusó de su discreción y crasamente violó la ley, al tomarse sin causa, motivo y justificación de naturaleza alguna, el término de cuarenta y ocho (48) días para resolver este asunto a contar desde la fecha en que le fué sometido."

La transcripción de evidencia escrita a máquina comprende unas 236 páginas del récord en apelación. El error, de haberlo, al permitir que transcurrieran 48 días para dictar sentencia, no es uno que da lugar a la revocación.

Los señalamientos tercero, cuarto, quinto y sexto no son discutidos separadamente por el apelante en su alegato ni requieren ser tratados separadamente en esta opinión. Hemos examinado cuidadosamente la voluminosa transcripción de evidencia sometida y no hallamos una clara preponderancia en favor del demandante sobre la cuestión principal en disputa ni tan manifiesto error de parte del juez sentenciador en la apreciación de la prueba que exijan una revocación.

Las secciones 9 y 10 de la ley (núm. 76) que regula los contratos de aparcería, aprobada el 4 de mayo de 1931 (Leyes de ese año, pág. 476) leen así:

"Sección 9.—El terrateniente podrá desahuciar judicialmente al aparcero por alguna de las causas siguientes:

"1. Haber expirado el término convencional o el que se fija para la duración de este contrato en la sección 3 de esta Ley.

"2. Infracción de cualquiera de las condiciones estipuladas en el contrato; *Disponiéndose,* que en este caso el aparcero tendrá derecho a que se le pague la parte proporcional que le corresponda en los frutos sembrados, previa tasación de peritos nombrados al efecto.

"Sección 10.—Si una finca sujeta a contrato de aparcería agrícola fuera vendida, cedida o arrendada a otra persona, el aparcero podrá exigir que se le deje recoger los frutos de la cosecha que corresponda al año agrícola corriente pudiendo el aparcero reclamar como suyos labores, plantíos o cualquiera otra cosa a que tenga derecho."

Un aparcero no es un poseedor en precario y la sección 18 de la Ley para reglamentar los procedimientos de desahucio (Código de Enjuiciamiento Civil, Ed. 1933, sección 637 Comp. 1642) no puede ser invocada con éxito en un caso de esta naturaleza. Los fundamentos por los cuales puede instruirse un procedimiento de desahucio contra un aparcero y el procedimiento a seguir en tal recurso están prescritos por las secciones 9 y 10 de la Ley de 1931, supra.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Señor del Toro no intervino.