José Manuel Alonso Muñoz, demandante y apelante, *v.* Ramón Nieves Luyando, demandado y apelado.

Núm. 7517.—*Resuelto:* Febrero 25, 1938.

*R. Díaz Collazo,* abogado del apelante; *Dubón & Ochoteco,* abogados del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

#### EN MOCION DE RECONSIDERACION

En la opinión que dictamos en este caso, en 31 de julio de 1937, publicada en la página 199 de este tomo, dijimos:

"Para mejor guía de la profesión en la aplicación de la ley resolvemos que de acuerdo con la sección 11 de la Ley núm. 76 de 1931 (pág. 467) cuando en el contrato de aparcería no se ha fijado término para la duración del mismo y el terrateniente desea terminarlo y recuperar la posesión de la finca, dicho terrateniente tiene

derecho a pedir el desahucio del aparcero siempre que de su demanda aparezcan como cumplidos los requisitos siguientes:

"1. Que el aparcero fué requerido para que desocupara la finca dentro del plazo fijado por el terrateniente.

"2. Que el terrateniente pagó u ofreció pagar al aparcero, en el acto del requerimiento para que desalojara la finca, los daños y perjuicios que pudiere causarle, más el importe de su participación en los frutos pendientes.

"3. Que el aparcero fué requerido para que se aviniese a nombrar peritos para la tasación de los frutos.

"4. Que a pesar de haberse cumplido los requisitos precedentes, el aparcero se ha negado a desocupar la finca."

El demandado apelado ha presentado una moción en la que nos pide que aclaremos el alcance del requisito número 2, supra, en el sentido de que no bastará un simple ofrecimiento de pago por parte del terrateniente; y que el ofrecimiento de pago debe estar debidamente afianzado para que el terrateniente pueda proceder al desahucio del aparcero.

■■ Consideramos bien fundada la petición del demandado apelado. Y accediendo a ella, modificamos el requisito número 2 para que lea así:

"2. Que el terrateniente pagó al aparcero en el acto del requerimiento para que desalojara la finca, los daños y perjuicios que pudiera causarle, más el importe de su participación en los frutos pendientes; o que en el acto o antes de dicho requerimiento el terrateniente constituyó una fianza válida y suficiente a favor del aparcero para garantizar a éste el pago de dichos daños y perjuicios y de su participación en los frutos pendientes."

El pago o el afianzamiento del pago de los daños y de la participación en los frutos pendientes es condición indispensable para que surja el derecho del terrateniente a desahuciar al aparcero. En el caso de que se haya constituído fianza a favor del aparcero, la sentencia de desahucio no podrá ser ejecutada en su contra hasta que se le haya hecho efectivo el importe de los daños que se le hubieren causado

y la parte proporcional que le correspondiere en los frutos pendientes, de acuerdo con la tasación de los peritos nombrados al efecto.

El Juez Asociado Señor Córdova Dávila no intervino.