Ramona Muñoz Vda. de Alonso, peticionaria, *v.* Corte de Distrito de San Juan, demandada.

Núm. 1161.—*Sometido:* Enero 23, 1939. *Resuelto:* Mayo 31, 1939.

*G. Rivera Cestero,* abogado de la peticionaria; *Dubón & Ochoteco,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

El 7 de julio de 1938 Ramona Muñoz Vda. de Alonso radicó demanda contra José Manuel Alonso Muñoz en ejecución de hipoteca. El demandado antes citado no compareció a excepcionar o contestar y el secretario de la corte le anotó la rebeldía el 20 de julio de 1938. A moción de la demandante, la corte, el 27 de agosto de 1938, ordenó al márshal que vendiera la propiedad hipotecada. De conformidad con esta orden, el márshal procedió a vender la propiedad en pública subasta el día 23 de septiembre de 1938. La demandante en dicho caso compró la propiedad por su crédito hipotecario y se le dió escritura de venta judicial, que inscribió en el registro de la propiedad.

En este estado del procedimiento compareció Ramón Nicves en el caso y pidió permiso a la corte para intervenir, alegando que allá para el mes de abril o mayo de 1934 celebró un contrato de aparcería con la demandante; que dicho contrato todavía estaba en vigor; que dicha demandante en la fecha alegada y como dueña de la propiedad le había entregado la posesión; que todavía estaba en posesión de la propiedad por virtud de su contrato y que por lo tanto tenía

derecho a seguir en posesión de ella por virtud de su contrato, por lo menos hasta que el mismo fuese terminado y se le pagaran los daños y perjuicios por su desposeimiento. La corte le dió permiso para intervenir en los procedimientos. El 20 de octubre de 1938 el interventor compareció otra vez ante la corte alegando que el márshal el día antes le había dicho que al siguiente sería lanzado de su propiedad, y pidió a la corte que le ordenara al márshal suspendiera todos los procedimientos en el caso. La corte así lo ordenó. La demandante presentó una moción a la corte para que anulara la intervención. Las partes presentaron alegatos, y en diciembre 17 de 1938, la corte denegó la moción para anular y permitió la intervención.

La demandante en la corte inferior entonces vino a este tribunal en un recurso de *certiorari*. El auto preliminar se expidió. La peticionaria ahora pide que se expida el auto final anulando la orden de la corte de distrito. En apoyo de su solicitud la peticionaria sostiene:

(*a*) Que la moción solicitando permiso para intervenir fue radicada tardíamente y que la resolución concediendo tal permiso fué también dictada demasiado tarde, según el artículo 72 del Código de Enjuiciamiento Civil de Puerto Rico, que exige que la intervención se radique antes de la celebración del juicio, habiendo sido tramitada esta intervención no solamente tres meses después de haberse dictado la sentencia sino también un mes después de haberse efectuado la subasta y habérsele adjudicado la finca envuelta en este litigio a la peticionaria y de haberse otorgado la escritura de venta judicial de la referida finca a favor de la peticionaria.

(*b*) Que la orden de la corte inferior concediendo permiso para intervenir y la orden suspendiendo los efectos de la sentencia fueron dictadas ex parte.

(*c*) Que el efecto de la orden concediendo permiso para intervenir y de la orden suspendiendo los efectos de la sentencia fué el de llevar a cabo la reapertura de un caso ya juzgado y el de dilatar el juicio principal y los trámites fina-

les de la ejecución de la sentencia y el de cambiar la posición de las partes originales en el pleito principal, todo ello contrario al derecho procesal.

(*d*) Que el propósito o efecto de la intervención es tan sólo el de atacar colateralmente la validez de la subasta y de los procedimientos habidos en el pleito principal.

(*e*) Que los derechos del interventor en este caso dependen de los derechos del antiguo dueño de la finca, José Manuel Alonso Muñoz, y como dicho demandado estuvo en rebeldía en el pleito principal, no procede la intervención.

(*f*) Que no procede una intervención cuando el pleito principal es uno de ejecución de hipoteca.

(*g*) Que el interventor en este caso tenía otros remedios legales y en efecto radicó demanda en la Corte de Distrito de Bayamón contra la peticionaria en este recurso, sobre rendición de cuentas, relacionadas dichas cuentas con el mismo contrato, habiendo sido radicada dicha demanda no sólo antes de la moción solicitando permiso para intervenir, sino también antes de la ejecución de la sentencia en el pleito principal. Que este pleito fué trasladado a la Corte de Distrito de San Juan, y, por lo tanto, la Corte de Distrito de San Juan, tenía conocimiento judicial de la pendencia de dicha acción.

(*h*) Que el interventor no tiene interés alguno en el litigio y no ha cumplido con el artículo 72 del Código de Enjuiciamiento Civil.

(*i*) Que el interventor no tiene gravamen alguno sobre la finca y por tanto ha perdido todo interés en el litigio.

(*j*) Que aun si el interventor hubiera tenido un gravamen o un derecho dominical o posesorio sobre la finca, ese gravamen o derecho ha quedado destruído por la venta judicial y, por tanto, al tiempo de solicitarse la intervención, había perdido cualquier interés que pudiese haber tenido en el litigio.

La peticionaria también alega que la corte inferior cuando dictó dichas órdenes había perdido jurisdicción del caso debido

al hecho de que la sentencia ya era firme y que la propiedad había sido vendida y la escritura de venta judicial entregada.

La querellada pide que se declare sin lugar la petición, y alega:

1. Que el pleito original se inició como una acción real para la ejecución de una hipoteca y luego fué convertido en una acción de naturaleza personal en cobro de dinero. Que el lanzamiento del compareciente fué ilegal.

2. Que el artículo 140 del Código de Enjuiciamiento Civil da discreción a la corte para permitir la intervención.

3. Que la peticionaria no tiene derecho a *certiorari* porque tiene el recurso de apelación.

4. Que la corte tenía facultad para conceder ex parte la intervención solicitada y si ha habido error, la peticionaria no ha sido perjudicada.

5. Que tratándose como se trata de una intervención especial, el artículo 72 del Código de Enjuiciamiento Civil no es aplicable, ya que el único objeto de la intervención es proteger el derecho del interventor sobre los bienes ejecutados.

6. Que la corte tiene poderes para eximir a una parte de los efectos de una sentencia.

7. Que el procedimiento ejecutivo hipotecario no termina hasta que se ponga al adjudicatario en posesión material del inmueble, y no es sino hasta ese momento que la corte pierde su jurisdicción.

8. Que la condición de aparcero del compareciente constituye suficiente interés en la propiedad para intervenir a fin de proteger su derecho a la posesión.

9. Que la venta judicial verificada no destruyó el derecho como aparcero que tiene el compareciente.

10. Que la existencia de otros recursos legales no impide que el compareciente reclame sus derechos por intervención.

11. Que en el caso de *Sucn. Franceschi* v. *Hipódromo de Ponce* (40 D.P.R. 804) se trataba de un procedimiento sumario para la ejecución de una hipoteca, el cual procedimiento, por mandato expreso de la ley, no puede ser interrumpido.

Algunas de las relaciones anteriores entre las partes pueden hallarse refiriéndose a las opiniones que aparecen en 50 D.P.R. 710, 52 D.P.R. 199 y 52 D.P.R. 785. La peticionaria en este recurso no carece de razón al sostener que el artículo 72 del Código de Enjuiciamiento Civil limita el llamado derecho de intervención al período que precede a la sentencia y generalmente al juicio del caso.

El artículo 72 dispone:

"Cualquiera persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. Esta intervención tiene lugar cuando a un tercero se le permita ser parte en la acción o procedimiento seguido entre otras personas, ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pidiendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda, exponiendo en ella los motivos en que se funde, presentada con permiso de la corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria."

De igual modo, sería mejor en muchos casos que una reclamación de esta naturaleza se iniciara por pleito independiente. Irrespectivamente de todo esto, estamos muy convencidos de que una corte puede permitir que una persona intervenga en la ejecución de una sentencia, lo que es algo similar a un pleito independiente. El auto de *audita querella* del derecho común no dista mucho del procedimiento a seguir. Además, el artículo 74 del Código de Enjuiciamiento Civil provee:

"La corte podrá resolver cualquier controversia entre las partes, siempre que fuere posible hacerlo sin perjudicar los derechos de otros, o salvando éstos; pero cuando no se pueda llegar a una completa resolución de la controversia sin la presencia de otras personas, la corte deberá entonces disponer la comparecencia de éstas, y acto seguido la parte a quien la corte lo ordene deberá hacer que se entregue, en la forma general prescrita para las citaciones, una copia

de la dispuesta en el pleito, y de la orden antedicha a cada una de las partes cuya comparecencia se hubiere ordenado, las cuales tendrán diez días, o el tiempo que dispusiere la corte, después de notificada dicha citación, para comparecer y alegar su derecho; y en caso de que dicha parte dejase de comparecer y alegar en juicio dentro del plazo señalado, la corte podrá disponer que se haga constar su ausencia y proceder como en los demás casos de rebeldía, o dictar nueva orden de acuerdo con lo que el estado de la causa y la justicia exigieren, y cuando en una acción ejercitada para obtener la posesión de propiedad inmueble o mueble, una persona, que, sin ser parte en el juicio tuviere interés en el asunto litigado, solicite de la corte que se le considere como parte, podrá así ordenarse por medio de la correspondiente enmienda.''

La tendencia general de las cortes es evitar multiplicidad de litigios. Nada vemos en los autos del presente caso que impida a la corte de distrito arreglar la cuestión en controversia entre las partes, poniendo así fin al litigio. Estamos plenamente convencidos de la discreción de la corte, no hallamos que hubiera abuso de discreción y *el auto de certiorari expedido debe ser anulado.*