JOSÉ MARÍA COLÓN MELÉNDEZ, demandante y apelante, *v.* PROVIDENCIO, HERMINIO y VALOIS RIVERA, ROQUE, MIGUEL y PEDRO COLÓN, demandados y apelados.

Núm. 8590.—*Sometido:* Febrero 2, 1943. *Resuelto:* Marzo 10, 1943.

*Leopoldo Rojas Flores,* abogado del apelante; *Ramón G. Goyco,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandante apelante alega que es dueño de una finca rústica situada en el Municipio de Orocovis; que los demandados ocupan y detentan dicha finca sin pagar canon o merced alguna y en contra de la voluntad del demandante; y pide que se dicte sentencia de desahucio contra los demandados.

Contestaron los demandados, negando que el demandante sea dueño de la finca y que los demandados estén detentando la posesión del inmueble; y alegaron, como defensas especiales: (*a*) que la demanda no aduce hechos suficientes para determinar una causa de acción; (*b*) que ha habido una indebida acumulación de partes demandadas; (*c*) que existe un conflicto de título entre el demandante y otras siete personas de apellido Meléndez Santiago, para dirimir el cual se ha incoado la acción número 6360 ante la Corte de Distrito de Ponce, sobre nulidad de remate por contribuciones, reivindicación y reclamación de frutos. Alegan los demandados que ellos siempre se han entendido con los Meléndez Santiago, a quienes han reconocido como dueños de la finca, por haberla heredado de su abuelo; y que los demandados' poseen la finca a virtud de distintos contratos de aparcería y medianería, concertados con los verdaderos dueños de la' finca, los Meléndez Santiago.

Celebrada la vista del caso, en junio 17 de 1942 la Corte de Distrito de Ponce dictó sentencia declarando sin lugar la

demanda, por entender que de la prueba practicada surge un conflicto de títulos que debe ser dirimido en un juicio plenario y no dentro de un procedimiento sumario de desahucio. Apeló el demandante. El alegato por él presentado no contiene señalamientos específicos de los errores que se imputan a la corte sentenciadora, pero de su lectura se desprende que de lo que se queja el apelante es de que, a su juicio, de la prueba presentada por los demandados no surge ni siquiera remotamente un indicio de que éstos tengan un ·título opuesto a o en conflicto con el del demandante.

■■ Haremos un resumen de los hechos, según aparecen de la transcripción de evidencia:

La finca en controversia pertenecía en enero 9 de 1941 a don José Ramón Meléndez Ortiz. Habiendo dejado Meléndez de pagar las contribuciones correspondientes a los años 1938–39 y 1939–40, en enero 9· de 1941 el Colector de Rentas Internas de Orocovis vendió la finca en pública subasta, adjudicándola a José María Colón Meléndez por $683, que era la suma adeudada a El Pueblo de Puerto Rico. El certificado de venta a favor del comprador fué expedido el 5 de abril de 1941. Cuando se celebró la subasta por contribuciones ya los aquí demandadós se encontraban ocupando la finca. Con posterioridad a la adjudicación de la finca al demandante, los herederos del antiguo dueño, los Meléndez Santiago, radicaron demanda sobre nulidad de la subasta y reivindicación, pleito que estaba aún pendiente en la fecha en que se celebró la vista del presente caso de desahucio.

Providencio Rivera, demandado, y único testigo de la parte demandada, declaró: que tiene 23 años de edad y ha estado siempre trabajando en la finca; que el contrato para sembrar y trabajar lo hizo con Ismael Meléndez, nieto de don José Ramón Meléndez, el antiguo dueño de la finca, el día 29 de marzo de 1942, o sea más de un año después de haber sido vendida la finca y adjudicada al demandante apelante.

Para sostener su alegada defensa de conflicto de títulos, los demandados ofrecieron en evidencia una certificación del Registro de la Propiedad de Ponce, de fecha junio 9, 1942. En dicha certificación se hace constar: que la finca descrita en la solicitud no está inscrita a favor de José María Colón Meléndez, el aquí demandante, ni de ninguna otra persona; que no obstante no estar inscrita, la finca aparece gravada con las cargas siguientes:

(*a*) Anotación de embargo a favor de El Pueblo de Puerto Rico, por $14.26 para garantizar la compensación al obrero Engracia Cartagena, en reclamación contra su patrono José Ramón Meléndez.

(*b*) Anotación de embargo por igual concepto que la anterior anotación (*a*).

(*c*) Anotación de embargo por el importe de las contribuciones por las cuales se remontó la finca y se adjudicó al demandante.

El Registrador hizo constar que las referidas anotaciones están caducadas por haber transcurrido más de un año desde las respectivas fechas en que fueron practicadas, pero que las mismas no han sido aun canceladas, por no haberlo solicitado parte interesada alguna.

Es de esa certificación que, a juicio de la corte sentenciadora, surgió el conflicto de título que hizo imposible que se dictara una sentencia para poner al demandante en posesión de la finca comprada por él en subasta pública por falta de pago de contribuciones.

Somos de opinión que no existe conflicto alguno de títulos entre el demandante y los demandados, que impida que se decrete el desahucio solicitado. Los demandados no alegan que tengan derecho a permanecer en la posesión de la finca, como dueños. Solamente han tratado de probar que uno de ellos, Providencio Rivera, celebró un contrato con uno de los herederos del anterior dueño de la finca, para sembrar y trabajar en ella. No conocemos cuáles eran los términos y

condiciones del mencionado contrato. Sólo sabemos, por la declaración de Rivera, que el contrato fué celebrado en 29 de marzo de 1942, cuando ya había transcurrido más de un año desde la venta y adjudicación de la finca al demandante.

El hecho de que los herederos del anterior dueño de la finca hayan iniciado una acción sobre nulidad del remate y de la adjudicación no podría ser alegado como defensa por dichos herederos, si fuesen ellos los poseedores de la finca y demandados en desahucio. Véase: *León* v. *Alvarado*, 24 D.P.R. 700 y *Gelabert* v. *Candelaria*, 49 D.P.R. 770. Con mucho menos derecho pueden interponer esa defensa los demandados, quienes no reclaman título alguno sobre la finca.

Citan los demandados apelados, en apoyo de su alegada defensa de conflicto de títulos, el caso de *Alfonso* v. *Nieves*, 50 D.P.R. 710 y 52 D.P.R. 199, en el que se resolvió que no procede la acción de desahucio bajo la teoría de que el demandado es un mero poseedor en precario, cuando la evidencia demuestra—como lo demostró en dicho caso—que el demandado es un aparcero. Se resolvió además, que de acuerdo con las disposiciones de la Ley que Regula y Reglamenta el Contrato de Aparcería Agrícola (Ley núm. 76 de mayo 4, 1931) el terrateniente no tiene derecho a desahuciar al aparcero mientras no cumpla las obligaciones que le impone la sección 11 de la citada ley, entre las cuales figura la de pagar o afianzar el pago de los daños y perjuicios que pueda causarle el desalojo y el valor de los frutos pendientes.

La doctrina sentada en dicho caso no es de aplicación al de autos. La evidencia presentada por los demandados es absolutamente insuficiente para sostener la alegación de que ellos ocupan la finca por virtud de un contrato de aparcería agrícola. La supuesta celebración del alegado contrato con posterioridad al remate de la finca; el hecho de no haber declarado el demandado Providencio Rivera sobre las condiciones del contrato, no habiendo hecho constar ni siquiera la parte de los frutos que se había obligado a entregar a los

dueños de la finca; y el no haber hecho ni siquiera mención de la existencia de frutos pendientes, sembrados por los alegados aparceros, son circunstancias que justifican la conclusión a que hemos llegado de que los demandados realmente ocupan la finca en precario y no como aparceros.

■■ La objeción de que el demandante no tiene derecho al desahucio porque su título, el certificado de compra expedídole por el Colector de Rentas Internas de Orocovis, no aparece inscrito en el Registro de la Propiedad, ha sido interpuesta tardíamente. Del récord aparece que al ser ofrecido dicho certificado en evidencia, la representación de los demandados manifestó que no tenía objeción a su admisión y que lo aceptaba tal como había sido presentado.

Ni la finca objeto de este pleito ni el certificado expedido por el Colector aparecen inscritos en el Registro de la Propiedad. ¿Es ese certificado no inscrito título suficiente para que el comprador de la finca pueda ejercitar la acción de desahucio contra el que la ocupa en precario?

El artículo 620 de nuestro Código de Enjuiciamiento Civil, Ed. 1933 (Sec. 1 Ley de Desahucio), correspondiente al 1564 del de Enjuiciamiento Civil Español, provee que la acción de desahucio puede ser promovida por el dueño de una finca, por el usufructuario o por "cualquiera otro que tenga derecho a disfrutarla." El Tribunal Supremo de España, en sentencia de 10 de noviembre de 1899, resolvió que "basta la posesión real de la cosa, a título de dueño, de usufructuario o *cualquier otro que dé derecho a disfrutarla*, para demandar legítimamente el desahucio; y es indudable que la parte actora, con la posesión judicial de la casa, tiene derecho a disfrutarla, siendo bastante dicho título esté o no inscrito en el Registro." 88 Jur. Civ. 285, 289.

El título de compra y adjudicación en subasta otorgado a favor del demandante apelante trasmitió a éste desde el momento de la venta la propiedad de la finca, sujeta, desde luego, al derecho de redención que la ley concede al contri-

buyente deudor. *National City Bank* v. *Registrador*, 44 D.P.R. 431; *National City Bank* v. *Registrador*, 46 D.P.R. 82.

En el caso de autos, el demandante apelante esperó hasta la expiración del derecho de redención del dueño anterior y entabló acción de desahucio, basándose en su certificado de compra, contra las personas que encontró en la finca detentando la posesión. Es indudable que esa acción puede ejercitarse contra el dueño anterior, sin que sea necesario para ello que el certificado de compra haya sido previamente inscrito. Y no vemos razón alguna para que no deba prosperar la acción de desahucio contra quien detenta la posesión de la finca sin título y sin pagar canon o merced alguna. El artículo 347 del Código Político, enmendado por la Ley de 14 de marzo de 1907, página 341, no tiene el alcance que le ha dado la corte inferior. De acuerdo con dicho artículo, el certificado expedido por el Colector debe contener, entre otros datos, una "descripción de los bienes . . . , y el folio y tomo del registro de la propiedad en que la finca vendida está inscrita, *en caso de que lo haya sido.*" Es obvio que si la finca no ha sido inscrita—como sucede en el caso de autos—ese requisito, que es claramente condicional, no puede ser cumplido. En el certificado aquí presentado se hizo constar expresamente que la finca no aparece inscrita en el registro. Dispone más adelante el citado artículo:

". . . Dicho certificado será *evidencia prima facie* de los hechos relatados en el mismo en cualquier controversia, procedimiento o pleito, que envuelva o concierna a los derechos del comprador, sus herederos o cesionarios, a la propiedad traspasada en virtud del mismo; y el comprador, sus herederos o cesionarios, *pueden,* al recibo de dicho certificado, hacer que sea debidamente inscrito por el registrador de la propiedad del distrito en que radicare dicha propiedad, mediante el pago de dos dollars como honorarios." (Itálicas nuestras.)

De acuerdo con lo transcrito, al presentar en evidencia el certificado que le fué expedido por el colector, el demandante apelante estableció *prima facie* su derecho a la pose-

sión del inmueble comprado por él en la subasta. Y no estaba obligado a inscribir previamente dicho certificado, pues el párrafo transcrito solamente dispone que el comprador "puede" hacer que se inscriba, pero no le impone la obligación de hacerlo.

La disposición contenida en el citado artículo 347 de que el certificado "una vez inscrito en el registro de la propiedad del distrito donde radique dicha propiedad, constituirá título absoluto de dicha propiedad a favor de dicho comprador, libre de toda hipoteca, carga o cualquier otro gravamen", no puede ser interpretada en el sentido de que mientras el título no sea inscrito el comprador no tiene derecho a reclamar la posesión del inmueble. El propósito de dicha disposición es establecer, como regla de evidencia, que la inscripción del certificado en el registro constituirá prueba suficiente de que todas las hipotecas, cargas o gravámenes existentes sobre la finca en la fecha de su venta en subasta pública para el pago de contribuciones, han quedado cancelados desde la fecha de inscripción del certificado de venta a favor del comprador en la subasta.

*Por las razones expuestas, debe revocarse la sentencia recurrida y en su lugar dictarse otra declarando con lugar la demanda y ordenando a los demandados desalojar la finca y dejarla a la disposición del demandante, debiendo los demandados pagar las costas.*