Juan Lorenzo Fraticelli, demandante y apelado, *v.* Higinio Gutiérrez, demandado y apelante.

Núm. 8981.—*Sometido:* Noviembre 13, 1944. *Resuelto:* Diciembre 5, 1944.

*Ramón G. Goyco,* abogado del apelante; *Fernando Zapater y J. Otero Suro,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El demandante apelado solicita desestimemos este recurso por ser completamente frívolo.

 Del récord aparece que se trata de una acción de desahucio establecida por el demandante siguiendo el procedimiento establecido por las secciones 8, 9, 10, 11 y 16 de la Ley núm. 76 que regula los contratos de aparcería, aprobada el 4 de mayo de 1931 (pág. 467) y que en el mismo se dió cumplimiento estricto a aquella parte de la sección 16 que dispone lo siguiente:

"En el caso de que el terrateniente requiriere al labrador para que desocupe la finca antes del vencimiento de este término, las partes o cualquiera de ellas podrá referir el asunto al Comisionado del Trabajo y al Comisionado de Agricultura y Comercio, y la decisión que dictaren dichos comisionados, previa investigación de los hechos y audiencia de los interesados, será definitiva y obligará a las partes a su cumplimiento; . . ."

Con intervención del demandado los peritos designados por los Comisionados del Trabajo y de Ágricultura y Comercio, tasaron los frutos, productos y edificaciones del demandado en $423.06 y el demandante depositó dicha suma en el Departamento del Trabajo a favor del demandado habiéndose éste negado a aceptarla.

La única defensa interpuesta por el demandado a la acción de desahucio es al efecto de que los peritos en este caso debieron haber sido nombrados por la corte inferior de acuerdo con la sección 18 de la Ley de Desahucio. Esta corte ya ha resuelto la contención del apelante en su contra. En el caso de *Alonso* v. *Nieves,* 50 D.P.R. 710 dijimos a la página 712:

"Un aparcero no es un poseedor en precario y la sección 18 de la Ley para reglamentar los procedimientos de desahucio (Código de Enjuiciamiento Civil, Ed. 1933, sección 637, Comp. 1642) no puede ser invocada con éxito en un caso de esta naturaleza. Los fundamentos por los cuales puede instruirse un procedimiento de

desahucio contra un aparcero y el procedimiento a seguir en tal recurso están prescritos por las secciones 9 y 10 de la Ley de 1931 supra.''

En una apelación posterior entre las mismas partes, *Alonso* v. *Nieves*, 52 D.P.R. 199 y 52 D.P.R. 785, resolvimos que de acuerdo con la sección 11 de la Ley núm. 76 de 1931,(¹) el terrateniente tiene derecho a pedir el desahucio del aparcero siempre que de su demanda aparezcan como cumplidos los requisitos siguientes:

''1. Que el aparcero fué requerido para que desocupara la finca dentro del plazo fijado por el terrateniente.

''2. Que el terrateniente pagó al aparcero en el acto del requerimiento para que desalojara la finca, los daños y perjuicios que pudiera causarle, más* el importe de su participación en los frutos pendientes; o que en el acto o antes de dicho requerimiento el terrateniente constituyó una fianza válida y suficiente a favor del aparcero para garantizar a éste el pago de dichos daños y perjuicios y de su participación en los frutos pendientes.

''3. Que el aparcero fué requerido para que se aviniese a nombrar peritos para la tasación de los frutos.

''4. Que a pesar de haberse cumplido los requisitos precedentes, el aparcero se ha negado a desocupar la finca.''

Si bien es cierto que en el caso de autos no se alegó en la demanda que se cumplió con el requisito tercero expuesto no es menos cierto que se alegó expresamente que se había cumplido con las disposiciones de la sección 16, supra, siguiéndose el procedimiento de nombramiento de peritos por el Comisionado del Trabajo y por el Comisionado de Agricultura y Comercio, quienes, con la intervención del demandado, realizaron la tasación y rindieron una decisión que de acuerdo con dicha sección ''será definitiva y obligará a las par-

---

(¹)''Sección 11.—El terrateniente podrá requerir al aparcero para que desocupe la finca antes del vencimiento del contrato o del tiempo que establece la sección 3 de esta Ley; pero en ese caso vendrá obligado a indemnizarle los daños y perjuicios que se le causen y, además, a pagarle la parte proporcional que le corresponda en los frutos sembrados, previa tasación de peritos nombrados al efecto.''

220

tes a su cumplimiento''. Esta sección no fué objeto de consideración en el segundo caso de *Alonso* v. *Nieves,* supra, por no haberse seguido en dicho caso el procedimiento marcado en la misma. Empero, habiéndose cumplido en el caso de autos con los requisitos exigidos por la sección 16, supra, y no siendo aplicable la sección 18 de la Ley de Desahucio, es obvio que *el recurso es frívolo y procede su desestimación.*