Tardi, Promovente y Apelada, *v.* Tardi, Opositor y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre declaratoria de herederos.

No. 2468.—Resuelto en marzo 17, 1922.

Declaración de Herederos—Enmienda a la Solicitud en el Acto del Juicio—Discreción Judicial.—Para que una enmienda a la solicitud sobre declaratoria de herederos, permitida por la corte inferior en el acto de la vista, pueda ser causa de revocación de la sentencia apelada, es necesario demostrar que la corte abusó de su poder discrecional.

Id.—Herederos—Prueba Suficiente.—En el presente caso *se resolvió:* que la prueba aportada, examinada a la luz de los principios establecidos en el caso de *Ex parte Otero et al.* y *Striker* v. *El Pueblo,* 27 D. P. R. 340, era suficiente.

Id.—Jurisdicción—Término para Dictar Sentencia sobre Declaratoria de Herederos.—No puede concluirse que ha sido dictada sin jurisdicción una sentencia sobre declaratoria de herederos por el hecho de no haberlo sido den-

tro de los seis días siguientes a la práctica de la prueba, como dispone la
sección 20 de la Ley de Procedimientos Legales Especiales. Se trata de una
disposición directiva y no de un término jurisdiccional.

Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. J. Alemañy Sosa.*

Abogado del apelante: *Sr. A. A. Vázquez.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

·Se trata de una apelación establecida por la parte opo-
sitora contra sentencia de la Corte de Distrito de Mayagüez
declarando herederas de Tomasia Lina Tardi y Ramírez, co-
nocida por Adela Tardi y Ramírez, a sus sobrinas legítimas
María Edelmira, Eugenia Amelia y María Ernestina Tardi
y Muñiz.

En una "opinión" que figura en los autos, la corte de
distrito narra con claridad y corrección los hechos envueltos
y los incidentes del procedimiento y establece las conclu-
siones que sirvieron de base a la sentencia apelada. Cree-
mos conveniente transcribirla. Dice así:

"En la solicitud se alega bajo juramento que Tomasia Lina Tardi
y Ramírez, conocida por Adela Tardi y Ramírez, falleció en esta
ciudad de Mayagüez, que fué el lugar de su último domicilio, el
día 28 de marzo de 1918, sin otorgar testamento ni disposición al-
guna de su última voluntad; que dicha finada fué hija legítima de
don Juan Tardi y Bernat y su esposa doña Antonia Ramírez de Are-
llano, de cuyo matrimonio existieron, además, otros dos hijos legí-
timos llamados Rosalía y Adolfo, los cuales fallecieron con anterio-
ridad a doña Adela, la primera sin dejar ascendiente ni descendiente
de ninguna especie, y el segundo, dejando tres hijas legítimas vivas
en la actualidad, llamadas Eugenia Amalia, María Ernestina y María
Edelmira Tardi y Muñiz; y que dicha finada Tomasia Lina Tardi
y Ramírez, conocida por Adela Tardi y Ramírez, fué casada en pri-
meras nupcias con don Antonio Fraccioni y Virgili y en segundas
con don Justo García y Cos, ambos fallecidos antes que ella, sin
tener hijos con ninguno de aquéllos, ni tampoco de filiación natural.

"A esta solicitud se opone Aniano Tardi, negando que Tomasia
Lina Tardi fuera conocida por Adela Tardi; que eran dos personas

distintas, habiendo fallecido la primera en el pueblo de Sabana Grande
hace más de cuarenta años y Adela, que era hermana del opositor,
últimamente en Mayagüez. La negativa continúa de todos los otros
extremos de la solicitud bajo esta misma teoría de falta de identi-
dad entre Tomasia Lina y Adela.

"El juicio empezó el día 5 de noviembre de 1919, compareciendo
la promovente María Ernestina Tardi y Muñiz representada por
su abogado Lcdo. J. Alemañy y Sosa, de la firma profesional "Feliú
& Alemañy," y el opositor por el suyo Lcdo. Angel A. Vázquez. La
vista del juicio continuó durante los días 12 de noviembre y 11 de
diciembre de 1919. El caso ha sido argumentado extensamente por
los abogados de las partes, tanto en informes orales como escritos.
La discusión ha versado sobre la suficiencia de la prueba para sos-
tener las alegaciones de la solicitud de declaratoria de herederos,
pues el opositor no ha presentado evidencia alguna para sostener
su oposición, ni para establecer los hechos relativos a su derecho de
suceder o heredar a la finada. Ha sido una oposición verdadera-
mente excepcional la que se ha hecho en este caso, por la que una
persona ha estado interviniendo y oponiéndose constantemente al
reconocimiento de los derechos hereditarios de otras y cuando llegue
el momento de probar su mejor derecho a la herencia resulta que
no ofrece ni presenta un solo elemento de evidencia para estable-
cerlo. El opositor ha estado verdaderamente haciendo las veces del
gobierno, fiscalizando el procedimiento amparado no por un mejor
derecho a la herencia de la finada que las personas que se alega en
la solicitud, sino por un derecho de reversión.

"La solicitud inicial en este caso se radicó designando a la finada
con el solo nombre de Adela; pero fué enmendada, con permiso de
la corte, sobre este particular y radicada otra con el nombre de
Francisca Lina, conocida por Adela, e inmediatamente el abogado
de la promovente manifestó a la corte había sufrido un *lapsus* su
mecanógrafo al copiar en maquinilla la solicitud enmendada, porque
en vez de escribir Tomasia Lina había escrito Francisca Lina, y
solicitó de la corte que le permitiera corregir este error material en
la solicitud enmendada. La corte le concedió permiso para radicar
una nueva solicitud enmendada con el verdadero nombre de la finada;
y se radicó la solicitud por la cual se celebró la vista del juicio, con
el nombre de la finada Tomasia Lina Tardi y Ramírez, conocida por
Adela Tardi y Ramírez.

"La promovente presentó y practicó en apoyo alegaciones, evidencia testifical y documental.

"De la evidencia practicada la corte llega a la conclusión que Tomasia Lina Tardi y Ramírez y Adela Tardi y Ramírez son una misma persona, aunque solamente era conocida por, y usaba el segundo nombre. La declaración del testigo Luis Martínez, que es un anciano más de ochenta años, la corte le da crédito en absoluto. Este testigo conoció a la finada siendo ambos muy jóvenes; fué amigo de su familia y visitaba su, casa con frecuencia. Allí intervino varias veces en conversaciones del padre de la finada y ésta, en que aquél le manifestaba las consecuencias que tendría por haberse cambiado su verdadero nombre de Tomasia Lina por Adela, por entender que el nombre de Tomasia era un nombre vulgar y por sentirse mortificada cada vez que por él era designada.

"La otra testigo María Edelmira Tardi y Muñiz, sobrina de. la finada y que vivió en su compañía muchos años, también declaró que ella le había manifestado en varias ocasiones que su verdadero nombre era Tomasia Lina, pero que nunca lo había usado y había permitido a nadie que la llamase así.

"En la partición de bienes del padre de dicha finada, don Juan Tardi y Bernat, efectuada por los hijos legítimos y naturales de éste, que fué presentada en evidencia por la peticionaria y admitida como prueba por la corte, aparece dicha finada, consecuente con el criterio de toda su vida con respecto a su nombre. llamándose Adela; pero en los documentos protocolizados con motivo de dicha partición figura su partida de bautismo en la que aparece su verdadero nombre de pila de Tomasia Lina Tardi y Ramírez.

"En esta misma certificación de las operaciones particionales de los bienes del finado don Juan Tardi y Bernat, en la que compareció la finada Tomasia Lina Tardi y Ramírez, conocida por Adela Tardi y Ramírez, y el opositor en este caso Aniano Tardi, consta claramente la naturaleza del parentesco existente entre dicha finada Adela Tardi y Ramírez y el opositor Aniano Tardi; ambos eran hijos de don Juan Tardi y Bernat, pero Adela y sus otros dos hermanos de doble vínculo, Adolfo y Rosalía, eran hijos legítimos, y Aniano y otros hermanos más eran naturales.

"La corte encuentra probado, además, .de la evidencia introducida, que Tomasia Lina Tardi y Ramírez, conocida por Adela Tardi y Ramírez, falleció en Mayagüez, que fué el lugar de su último domicilio, el día 28 de marzo de 1918, sin otorgar testamento ni dis-

posición alguna de su última voluntad, y sin dejar hijos ni descendientes legítimos ni naturales, o ascendientes de grado o naturaleza alguna de parentesco; y en cuanto a parientes colaterales de dicha finada, solamente existían vivos a su fallecimiento, y existen todavía, tres sobrinas legítimas, hijas de su hermano Adolfo, llamadas Eugenia Amelia, María Ernestina y María Edelmira Tardi y Muñiz.

''De las anteriores conclusiones de hecho, la corte llega a la conclusión de derecho de que las únicas personas con derecho a la herencia o sucesión de dicha finada Tomasia Lina Tardi y Ramírez, conocida por Adela Tardi y Ramírez, son sus legítimas sobrinas, Eugenia Amelia, María Ernestina y María Edelmira Tardi y Muñiz, en representación de su padre don Adolfo Tardi y Ramírez, hermano de aquélla.''

Sostiene el apelante en su alegato que la corte cometió varios errores que iremos estudiando por el orden en que han sido señalados.

1. *La corte erró al permitir a la promovente enmendar en el acto del juicio su solicitud.* En la opinión que dejamos transcrita la corte explica lo ocurrido. Hemos examinado los autos y creemos que la corte actuó correctamente. En todo caso sería necesario demostrar, lo que no ha hecho en modo alguno el apelante, un abuso de discreción para que el error alegado pudiera producir el efecto de revocar la sentencia.

2. *La corte erró en la admisión de la prueba documental.* Objetó el apelante la presentación de quince documentos, a saber: partida del bautismo de Tomasia Lina o Adela celebrado el 16 de marzo de 1840; acta de la defunción de Adela o Tomasia Tardi, ocurrida en 1918; partida del matrimonio de Adela o Tomasia con J. García; partida de la defunción de A. Franccioni, primer esposo de Adela o Tomasia, ocurrida en 1888; partida de la defunción de J. García, ocurrida en 1891; partida de la defunción de Juan Tardi, padre de Adela o Tomasia, ocurrida en 1889; certificación del vicario de San Germán relativa a no haber podido encontrar las partidas del nacimiento de ''Adela'' y de la defunción de

María A. Ramírez, esposa de Juan Tardi; partida de defunción de Rosalía Tardi, hermana de Tomasia o Adela, ocurrida en 1904; partida del bautismo de Adolfo Tardi, hermano de Tomasia o Adela y padre de las promoventes, celebrado el 13 de septiembre de 1845; partida de la defunción del mismo, ocurrida en 1898; partida del bautismo de María E. Tardi, celebrado en 1878; partida del bautismo de Eugenia E. Tardi, celebrado en 1882; partida del nacimiento de María Ernestina Tardi, ocurrido en 1886; testamento de Juan Tardi en que el testador declara que sus hijos legítimos son Rosalía, Adela y Adolfo, y reconoce como naturales a Aniano, Ramón, Juan y Emilio, y escritura de partición de los bienes de Juan Tardi.

Basta la enunciación de los anteriores documentos para deducir su pertinencia en un caso de esta naturaleza. Es claro que cada uno de por sí no prueba todo lo que era necesario probar, pero analizados en conjunto y en armonía con las declaraciones de los testigos establecieron el caso de las promoventes.

3. *La corte erró al dictar sentencia declarando con lugar la solicitud, pues la prueba era insuficiente.* Hemos examinado cuidadosamente la prueba documental y la testifical, y a nuestro juicio las conclusiones a que llegó la corte sentenciadora están sostenidas por la evidencia.

Insiste el apelante en que no habiéndose presentado las certificaciones de los matrimonios de Juan Tardi y de su hijo Juan Adolfo, padre de las promoventes, éstas no probaron su caso.

No aparece, en efecto, que se presentaran dichas certificaciones. La prueba hubiera sido más clara y perfecta de haberse presentado, pero tal como está es suficiente.

El matrimonio de Juan Tardi con María Antonia Ramírez de Arellano debió haberse celebrado hace más de ochenta años y el de Juan Adolfo Tardi con María Dolores Muñiz hace más de cuarenta. En la partida de bautismo de To-

masia extendida en el año 1840 se hace constar que es "hija legítima. de don Juan Francisco Tardi y de doña María Antonia Ramírez de Arellano, cónyuge de esta feligresía." En la de defunción de Juan Tardi, 1889, se hizo constar que era viudo, casado en primeras nupcias con doña María Antonia Ramírez de Arellano y que dejó como sucesores a sus hijos legítimos "Rosalía, Adela y Adolfo Tardi y Ramírez." En las partidas de defunción de Rosalía, y de bautismo, 1845, y defunción, 1898, de Adolfo, existen las mismas referencias a su condición de hijos legítimos del Sr. Tardi y la Sra. Ramírez. En su testamento, otorgado en 1888, Tardi dice que fué "casado y velado conforme a los ritos de nuestra santa madre iglesia católica, en primeras nupcias con doña María Antonia Ramírez de Arellano, con la que tuvo y procreó tres hijos que existen y se llaman Rosalía, casada con don Pedro Martínez, Adela, casada con don Antonio Franccioni, y Adolfo, que es viudo." Y en la división de la herencia de don Juan, en la que intervino el opositor como hijo natural del mismo, se partió de la base de dicho matrimonio. En cuanto al enlace legítimo de Adolfo Tardi con María Dolores Muñiz a él se hace referencia en las partidas de bautismo de María Edelmira, 1878, y Eugenia Amelia, 1882, y en la de nacimiento de María Ernestina, las tres promoventes. En esos documentos no sólo se consigna quiénes son los padres, sí que también los abuelos siendo éstos el Sr. Tardi y la Sra. Ramírez. Además dos testigos declaran sin objeción con respecto a la condición de las promoventes como hijas legítimas de Adolfo Tardi y Ramírez.

A la luz de los principios establecidos en el caso de *Ex parte Otero et al. y Striker* v. *El Pueblo,* 27 D. P. R. 340, es necesario reconocer que la prueba aportada es suficiente para demostrar que Tomasia, conocida por Adela Tardi y Ramírez y Adolfo Tardi y Ramírez eran hermanos y que las promoventes son hijas legítimas de Adolfo y en tal virtud legítimas sobrinas de Tomasia, sin que sean obstáculo para

ello las decisiones de esta Corte Suprema invocadas por el apelante y dictadas en los casos de *Aguayo et al.* v. *García,* 11 D. P. R. 275; *Sucesión Díaz* v. *Sucesión Díaz,* 17 D. P. R. 57, y *Dupont* v. *Aybar,* 25 D. P. R. 317. Las circunstancias concurrentes eran distintas.

4. Señala, por último, el apelante, tres errores más, uno cometido al negar la corte un nuevo juicio, otro al desestimar una excepción previa, y otro al dictar sentencia cuando ya no tenía jurisdicción para ello.

La resolución denegatoria del nuevo juicio no fué apelada y es claro que la solicitud aduce los hechos necesarios para basar el derecho que las promoventes reclamaron. En cuanto a la falta de jurisdicción, la funda el apelante en el artículo 20 de la Ley de Procedimientos Legales Especiales de 1905 que prescribe que la corte dicte sentencia en casos de esta naturaleza dentro de los *seis* días siguientes a la práctica de las pruebas.

Es cierto que en este caso transcurrió con exceso el término fijado, pero ello no quitó jurisdicción a la corte. La ley es directiva y si bien las cortes deben hacer todo lo posible, en pro de una buena y rápida administración de la justicia, para cumplirla en todos los casos, cuando por alguna circunstancia no puedan, no pierden la facultad de decidir con posterioridad válidamente el asunto. Una resolución contraria estaría en oposición al mismo espíritu de la ley, pues se dilataría más el asunto teniendo que ser comenzado de nuevo y de nuevo sometido al juez para que lo resolviera entonces dentro del plazo fijado.

Por virtud de todo lo expuesto, opinamos que debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.