FRANCO, DEMANDANTE Y APELADO, *v.* MARTÍNEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre daños y perjuicios; memorándum de costas.

No. 2570.—Resuelto en julio 3, 1922.

MEMORÁNDUM DE COSTAS — JURISDICCIÓN. — En la apelación de una resolución aprobando el memorándum de costas no puede atacarse la jurisdicción de la corte que dictó la sentencia condenando en costas.

ID.—ID.—Como las sentencias del Tribunal Supremo se ejecutan a menos que se obtenga la suspensión de la ejecución mediante fianza (*supersedeas bond*), cuando no se demuestra que tal suspensión se ha decretado, no puede concluirse que la resolución aprobando el memorándum fué dictada sin jurisdicción por no ser firme la sentencia que dió origen al memorándum.

ID.—ID.—Alega el apelante en este caso como fundamento para impugnar, por falta de jurisdicción, la resolución que aprobó el memorándum de costas, que la sentencia dictada en apelación en el pleito principal es inexistente porque revocada la de la corte inferior debió el Tribunal Supremo dictar otra y no modificar la que había sido revocada. *Se resolvió:* que el error alegado no existe porque al revocar la sentencia en la parte que había sido apelada el Tribunal Supremo dictó otra en su lugar y sólo dejó subsistente la parte que no había sido apelada.

ID.—ID.—Imputa el apelante como error de falta de jurisdicción a la corte inferior el haber resuelto el memorándum de costas sin decidir antes una moción de eliminación del memorándum enmendado. *Se resolvió:* que la desestimación de tal moción está implícita en la resolución aprobatoria de dicho memorándum enmendado.

ID.—ID.—TÉRMINO PARA DICTAR RESOLUCIONES.—Si bien es cierto que la Ley No. 94 que fué promulgada en 31 de marzo de 1919 con referencia a su sección primera dispone que los asuntos incluídos en el calendario de mociones y excepciones deberán ser resueltos en el término de diez días después

de sometida la cuestión de manera definitiva a la corte, el incumplimiento de tal disposición no priva a la corte de su jurisdicción para resolver, después de transcurrido dicho término, un procedimiento sobre memorándum de costas.

Los hechos están expresados en la opinión.

Abogado del apelante: el propio apelante.

Abogado del apelado: *Sr. J. B. Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se trata de una apelación contra resolución de la corte inferior que aprobó el 17 de septiembre de 1921 el memorándum de costas que presentó la parte demandante el día 15 de junio del mismo año.

Según la transcripción que tenemos ante nosotros la Corte de Distrito de San Juan, Sección Primera, dictó sentencia en un pleito entre las partes de este recurso sobre daños y perjuicios declarando la demanda sin lugar, sin especial condena de costas, y sin lugar también la reconvención del demandado.

En apelación revocamos esa sentencia en el particular que había sido apelado y declaramos con lugar la demanda condenando al demandado a pagar al demandante cinco mil un dólares como indemnización por libelo y las costas, quedando subsistente el otro pronunciamiento que contiene. Recibida nuestra sentencia el 2 de mayo de 1921 en la corte inferior, a los cinco días presentó el demandante su memorándum de costas, que enmendó después el 15 de junio de 1921, y habiendo sido impugnado por el demandado la corte resolvió aprobándolo.

Según una certificación del secretario de la corte inferior el demandante presentó prueba en este incidente sobre aprobación del memorándum de costas pero no ha sido traída con la transcripción que se nos ha presentado para resolver esta apelación.

El primer motivo alegado por el apelante para que revoquemos la resolución recurrida es que la corte inferior carecía de jurisdicción para conocer del memorándum de costas

porque es la Corte de Distrito de Aguadilla y no la de San Juan la que tiene jurisdicción para conocer del pleito por ser los litigantes vecinos de aquel distrito donde se originó el hecho esencial de la demanda.

Aparte de que nada de lo expuesto resulta de la transcripción que nos sirve para resolver la apelación que estamos considerando, de todos modos habiéndose dictado sentencia en el pleito cualquier cuestión de jurisdicción que pudiera haber en el caso ha quedado resuelta por ella y por consiguiente no puede ser suscitada ni resuelta como impugnación del memorándum de costas que es una consecuencia de la sentencia.

También se alega como segundo motivo de error que no procede resolver sobre el memorándum de costas porque no es firme la sentencia dictada por nosotros puesto que puede ser apelada al Primer Circuito de Apelaciones de los Estados Unidos.

Es cierto que la Ley No. 15 de 19 de noviembre de 1917 dispone que el memorándum se presentará dentro de los diez días siguientes al en que haya vencido el término para apelar de la sentencia dictada en el caso de que no se hubiere apelado, y si se hubiere apelado, dentro de los diez días siguientes al en que se haya recibido en la corte sentenciadora en primera instancia aviso oficial de la resolución dictada en apelación en última instancia, pero como nuestras sentencias se cumplen desde luego a menos que interpuesta apelación se obtenga la suspensión de su ejecución (*supersedeas*) mientras ésta no se decretare, y no consta que lo haya sido, tenía jurisdicción la corte inferior para conocer y resolver el memorándum de costas.

Otro motivo para la falta de jurisdicción que se alega es que la sentencia que dictamos en apelación es inexistente porque revocada la de la corte inferior debimos dictar otra y no modificar la que había sido revocada.

Es bien frívolo este motivo pues nosotros al revocar la

sentencia en la parte que había sido apelada dictamos otra en su lugar y sólo dejamos subsistente la parte que no había sido apelada y sobre la que no teníamos jurisdicción para resolver.

Dice también el apelante que la sentencia nuestra no era definitiva porque sólo resolvimos los derechos de la parte demandante. No podíamos hacer otra cosa porque según dijimos fué el particular apelado.

Como el apelante afirmó antes erróneamente que nuestra sentencia es inexistente, saca de aquí la consecuencia errónea también de que la corte inferior no tenía jurisdicción para dictar la resolución apelada, lo que le sirve como otro fundamento de su recurso.

Se alega, además, como otro motivo de error, el haber sido admitido y aprobado el memorándum de costas y para sostener esto se dice que siendo nulo el procedimiento no había necesidad de ningunos desembolsos y que no se justificaron los que en él se expresan. Parece, pues no se dice, que la nulidad es por haberse tramitado el pleito en San Juan y no en Aguadilla, pero si tal cuestión se promovió entonces tuvo que quedar resuelta por la sentencia. Además, ni resulta de la transcripción tal cuestión ni puede ser promovida al fijar la cuantía de las costas como consecuencia de una sentencia. En cuanto al segundo extremo como se presentó alguna prueba que no conocemos no podemos declarar que no fué probada la partida de desembolsos.

Dice también el apelante que fué error de la corte inferior resolver sobre dicho memorándum sin decidir antes una moción de eliminación del memorándum enmendado que se presentó. Sin embargo, la desestimación de tal moción está implícita en la resolución que aprobó el memorándum enmendado.

Se alega por último que la corte inferior carecía de jurisdicción para dictar la resolución apelada porque habían transcurrido los diez días que la ley le concede para resolverla

después de haber sido sometido el memorándum para su decisión.

Si bien es cierto que la Ley No. 94 que fué promulgada en 31 de marzo de 1919 con referencia a su sección primera dispone que los asuntos incluídos en el calendario de mociones y excepciones deberán ser resueltas en el término de diez días después de sometida la cuestión de manera definida a la corte, el incumplimiento de tal disposición no priva a la corte de su jurisdicción para resolver, después de transcurrido dicho término. Es solamente un término fijado para apremiar a los jueces a que resuelvan pronto los asuntos.

No siendo procedentes, según hemos dicho, ninguno de los motivos alegados para la revocación en este caso la resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

El Juez Presidente Sr. del Toro y el Juez Asociado Sr. Franco Soto no intervinieron en la vista de este caso.