MATEO, LORENZA, FERMINA Y PETRONILA MONTAÑÉZ, GUILLERMO MORALES, FRANCISCO COTO, SABÁS DONIS, JESÚS MORALES Y RAFAEL RIVERA, recurrentes, *v.* EL REGISTRADOR DE CAGUAS, recurrido.

No. 624.—*Sometido:* Noviembre 21, 1925. *Resuelto:* Diciembre 11, 1925.

MATRIMONIOS—PRUEBA DE LOS MISMOS—CERTIFICADO DE MATRIMONIO—REGISTROS PARROQUIALES ANTES DEL 1885.—Una certificación en la que se transcribe el acta de un matrimonio celebrado en 1870, expedida por el guardador legal de los libros parroquiales, bajo el sello de la parroquia, es suficiente para probar el matrimonio, sin que sea necesario que el documento se jure por dicho guardador legal ni su firma se autentique por funcionario público alguno.

NOTAS de *Marqués*, R. (Caguas), negándose a inscribir escrituras de declaración de bienes y cesión de derechos y acciones. *Revocadas.*

*Rafael Arce,* abogado de los recurrentes; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La cuestión a decidir en el presente recurso gubernativo es si una certificación librada este año por el cura ecónomo de una parroquia católica de esta Isla con el sello de la parroquia, en la que se transcribe el acta de un matrimonio celebrado en el año 1870 que consta en el libro de matrimonios de la expresada parroquia es suficiente para probar dicho matrimonio o si, como entiende el registrador recurrido, ese documento debe ser jurado o su firma autenticada por funcionario capacitado por la ley para autenticar documentos por no tener el registrador de la propiedad conocimiento judicial de las firmas de los sacerdotes católicos bajo cuya custodia se hallan los archivos parroquiales referentes a matrimonios celebrados antes de la implantación del Registro Civil en esta Isla.

El registro sobre el estado civil de las personas estuvo en esta Isla a cargo de los párrocos de las iglesias hasta enero de 1885 en que comenzó a regir la Ley del Registro Civil, y esos párrocos eran funcionarios públicos auxiliares del Estado. *Iturrino* v. *Iturrino,* 24 D.P.R. 471. En esas parroquias se llevaban libros referentes a los nacimientos, matrimonios y defunciones de las personas, teniendo dichos libros el carácter de documentos públicos según fué declarado en el caso de *Ex parte Otero et al.* v. *Strik*er, 27 D. P.R. 340. Teniendo, pues, esos libros parroquiales el carácter de documentos públicos, sus asientos pueden ser probados, de acuerdo con el artículo 70 de la Ley de Evidencia, mediante el registro original o copia del mismo, certificada por el guardador legal del registro, y, por tanto, no es necesario que el sacerdote encargado de tales libros jure la certeza de su contenido ni que sus firmas sean autenticadas por funcionario público porque esas certificaciones son bas-

tantes por sí mismas, *prima facie.* Así, en el caso de *Tardi*
v. *Tardi,* 30 D.P.R. 225, se estimaron probados ciertos he-
chos con documentos como el que motiva este recurso; y en
el de *García* v. *Aguayo,* 32 D.P.R. 422, en el que fué presen-
tada una certificación de los libros parroquiales para pro-
bar un matrimonio, se dijo que los asientos de los libros pa-
rroquiales tienen la condición de originales y que el funcio-
nario que los custodia puede expedir certificaciones válidas.

Por lo expuesto, el registrador debió dar valor a la cer-
tificación que se le presentó y debió inscribir la escritura
de declaración de bienes y cesión de acciones y derechos que
se le presentó, así como la otra escritura de compraventa
de terreno y donación que no inscribió por no haber sido
inscrita la escritura anterior, por lo que *ambas negativas,*
*que han sido recurridas, deben ser revocadas y ordenarse*
*las inscripciones solicitadas.*

El Juez Asociado Sr. Wolf no intervino en la resolución
de este caso.