Bages & Compañía, Inc., peticionaria, *v.* La Corte de Distrito de Mayagüez, Hon. José Negrón López, Juez, demandada.

Núm. 1590.—*Sometido:* Abril 2, 1945. *Resuelto:* Julio 6, 1945.

*José Sabater,* abogado de la peticionaria; el Juez recurrido compareció por escrito; *Manuel Ledesma Dávila y Martín Avilés Bracero,* abogados del Departamento del Trabajo, en representación éstos de las interventoras, querellantes en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Este recurso de *certiorari* se presentó para revisar una sentencia de la Corte de Distrito de Mayagüez que declaró con lugar dos querellas en reclamación de salarios. Las querellas fueron radicadas originalmente en la Corte Municipal de Mayagüez por Isabel Torres y Lilian Avilés. Cada una de ellas alegó en su querella que trabajaron con Bages & Co., Inc., en calidad de costureras por un sueldo promedio de $8 semanales y que el día 6 de diciembre de 1943 la corporación demandada, sin justa causa, las despidió de su empleo por lo que solicitaron que se dictara sentencia condenando a la demandada a pagar a cada una de ellas, la suma de $35.20, que es el importe de un mes de trabajo.

Los errores de que se queja la peticionaria son:

1. Que la Corte Municipal señaló el día 4 de mayo de 1944, a las dos de la tarde, para la vista del juicio y en ese día y hora compareció la demandada, contestó cada una de las demandas y estuvo dispuesta a celebrar el juicio, pero las querellantes no comparecieron; que el 27 de diciembre de 1944 las querellantes presentaron una moción en la corte municipal solicitando que señale día y hora para la vista del caso en su fondo y la corte señaló el día 16 de enero de 1945 para la celebración del juicio; que el 12 de enero de 1945 la corporación Bages & Co., Inc. presentó una moción jurada solicitando que las querellas fueran desestimadas,

fundándose en que las querellantes no habían comparecido al acto del juicio el día 4 de mayo de 1944 y porque al presentar el 27 de diciembre de 1944 las mociones solicitando nuevo señalamiento, la corte no podía señalar la vista del juicio para el día 16 de enero de 1945, por existir un período de tiempo mayor de diez días entre la fecha en que se solicitó el señalamiento y la fijada para el juicio; que la corte municipal declaró sin lugar la moción de la demandada y celebrado el juicio dictó sentencia declarando con lugar las querellas.

2. Que elevados los autos a la Corte de Distrito de Mayagüez y señalado el día 8 de febrero de 1945 para la celebración del juicio *de novo* en ambas querellas, en el acto del juicio y antes de practicar la prueba, el abogado de la demandada levantó de nuevo las cuestiones suscitadas en la corte municipal antes mencionadas, y discutidas las mismas, la corte las declaró sin lugar y ordenó que se procediese al juicio en los dos casos, los cuales habían sido acumulados, y practicada la prueba, dictó sentencia el 16 de febrero de 1945, declarando con lugar ambas querellas.

Sostiene la peticionaria que fué error de la corte municipal el no haber desestimado las querellas el día 4 de mayo de 1944 al no comparecer las querellantes para la celebración del juicio.

█ Sin duda hubiera procedido la desestimación de las querellas si en efecto las querellantes hubieren sido notificadas por el márshal de la fecha señalada para el juicio y si la querellada hubiera solicitado de la corte la correspondiente sentencia por desistimiento; pero conforme probaron las querellantes no fueron ellas notificadas de la fecha para la cual se señaló la vista del juicio, y en el supuesto de que lo hubieran sido, tampoco erró la corte al no desestimar las querellas, puesto que como hemos indicado, la querellada no solicitó ese remedio. 41(*b*) de las Reglas de Enjuiciamiento Civil.

■ Es verdad que la Ley núm. 10 determinando el procedimiento en casos de reclamaciones de obreros y empleados, aprobada el 14 de noviembre de 1917, prescribe en su sección 2 (según fué enmendada por la Ley núm. 13 de 20 de abril de 1932, Leyes de 1931–32, pág. 217) que la vista del juicio deberá celebrarse dentro de los diez días siguientes al en que fuere radicada la querella, y en el presente caso, dado el incidente que impidió la celebración del juicio el 4 de mayo, al señalarse de nuevo el 27 de diciembre de 1944, debió haberse celebrado dentro de los diez días siguientes al 27 de diciembre; pero esa disposición legal es puramente directiva y no mandatoria, y por consiguiente no anuló la sentencia de la corte municipal. *Alonso* v. *Nieves,* 50 D.P.R. 710; *Winship, Gobernador* v. *Asamblea Municipal,* 53 D.P.R. 138 y *Tardi* v. *Tardi,* 30 D.P.R. 225.

■ La circunstancia de no haberse dictado sentencia por la corte de distrito dentro de las 24 horas de celebrado el juicio tampoco anula la sentencia de dicha corte: en primer término porque el requisito de que se dicte sentencia dentro de las 24 horas después de celebrado el juicio se refiere a la corte municipal,[1] y en segundo término porque en el supuesto de que se aplicase a la corte de distrito esa disposición legal, es meramente directiva y no mandatoria. *Alonso* v. *Nieves,* supra; *Winship, Gobernador* v. *Asamblea Municipal,* supra, y *Tardi* v. *Tardi,* supra.

*No existiendo los errores señalados por la peticionaria, procede declarar sin lugar la petición de certiorari y devolver los autos originales a la corte de distrito para ulteriores procedimientos.*

---

[1] "Sección 7.—Dentro de las 24 horas de celebrado el juicio, *el juez municipal* dictará sentencia, declarando con o sin lugar la reclamación . . ." (Bastardillas nuestras).