FERNANDO A. LUCCHETTI, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. RICARDO LA COSTA, JR., JUEZ, e ISMAEL GONZÁLEZ, demandados.

Núm. 1622.—*Sometido:* Febrero 18, 1946. *Resuelto:* Mayo 9, 1946.

*F. J. Pérez Almiroty,* abogado del peticionario; *Enrique Díaz Viera* y *José Luis Purcell,* abogados del Departamento del Trabajo, abogados a su vez de los recurridos.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En acción incoada de conformidad con la Ley núm. 10 de 1917 ((2) pág. 217), enmendada por Ley núm. 17 de 11 de abril de 1945 (pág. 45), la Corte Municipal de San Juan por sentencia dictada en 6 de septiembre de 1945 condenó al demandado a pagar al demandante la suma de $173.91 por concepto de salarios devengados por 341 "novenas horas".

La sentencia fué notificada al demandado por conducto de su abogado, por correo, el día primero de noviembre de 1945, archivándose el mismo día en los autos la copia de la

notificación. El día 7 de noviembre de 1945 el demandado Lucchetti radicó su escrito de apelación.

El día señalado para la vista la corte de distrito, a moción del demandante apelado, dictó sentencia desestimando la apelación por haber sido interpuesta fuera del término estatutario de cinco días. Solicitó el demandado apelante la reconsideración de la sentencia, alegando que el escrito de apelación había sido radicado oportunamente: (a) porque la Regla 6, inciso (a) de las Reglas de Enjuiciamiento Civil dispone que "cuando el término prescrito o concedido es menos de siete días, los domingos y días de fiesta que haya de por medio se excluirán del cómputo"; y (b) porque habiéndose archivado la notificación el día primero de noviembre, que era un jueves, siendo el sábado 3 un día en que las cortes no trabajan y domingo el día 4, si se excluyen del cómputo dichos dos días, sábado y domingo, el apelante tendría hasta el día 8 de noviembre para radicar su apelación; y habiéndola radicado el 7, la corte debió resolver que el recurso fué interpuesto oportunamente.

Denegada la reconsideración, el demandado apelante instó el presente recurso de *certiorari* en el que solicita la revisión de la sentencia dictada por la corte inferior, alegando que el tribunal *a quo* erró al no computar el término para la apelación de acuerdo con lo dispuesto por la citada Regla 6, inciso (a).

No erró la corte inferior al desestimar por tardía la apelación. De conformidad con lo dispuesto por la Regla 81 (a) de las Reglas de Enjuiciamiento Civil, éstas son aplicables "a todas las acciones civiles ordinarias y a todos los casos de mandamus, injunctions, interdictos para retener o recobrar la posesión, tercerías, reclamaciones del derecho de hogar seguro". No son aplicables por tanto a las acciones civiles de carácter especial o extraordinario, tales como las que establece la Ley núm. 10 de 14 de noviembre de 1917, titulada "Ley para determinar el procedimiento en casos de

reclamación de trabajadores agrícolas contra sus patronos por salarios". No es posible aplicar la Regla 6(*a*) a un caso como el de autos y no aplicar al mismo todas las demás reglas, que sólo son aplicables a las acciones civiles ordinarias.

*La sentencia recurrida será confirmada.*

### EN MOCION DE RECONSIDERACION
#### Mayo 9, 1946

*Per curiam:* En su moción de reconsideración el peticionario llama nuestra atención al caso de *Bages & Cía. Inc.* v. *Corte,* 65 D.P.R. 213, en el que citamos la Regla 41(*b*) de las Reglas de Enjuiciamiento Civil en un caso de salarios radicado de acuerdo con la ley especial allí envuelta. La cita que hicimos en el caso de *Bages* de la Regla 41(*b*) se hizo por inadvertencia, por no ser las Reglas de aplicación a tal caso. El resultado de *Bages & Cía. Inc.* v. *Corte,* supra, no fué afectado por esta cita ya que el principio legal en él establecido existía en el Código de Enjuiciamiento Civil.

*La moción de reconsideración será declarada sin lugar.*