LUISA MARÍA RODRÍGUEZ, demandante y apelante, *v.* ANTONIO ALCOVER POL, demandado y apelado.

Número 11319.

*Sometido:* 10 de noviembre de 1955. *Resuelto:* 30 de noviembre de 1955.

*Néstor A. Rodríguez Escudero,* abogado de la apelante; *Héctor Reichard,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Aunque las alegaciones de la demanda que figura en autos

son las corrientes en un caso de *injunction* clásico, ([1]) tanto durante el juicio como en sus alegatos las partes han insistido en que se trata más bien de un interdicto posesorio. ([2]) Véase 32 L.P.R.A., secs. 3561 a 3566. Oída la prueba aducida por una y otra parte, el tribunal a quo dictó sentencia declarando sin lugar la demanda, con costas y $100 para honorarios de abogado. La demandante apeló.

■■ Sostiene en primer lugar la apelante que el tribunal a quo erró al dictar sentencia a los 77 días de haberse sometido el caso, en violación de la número 10 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico. ([3]) No le asiste

---

([1]) En la demanda se alega que la demandante es dueña de un solar y casa situados en la calle Stone del pueblo de Lares; que en octubre de 1952, el demandado sin su consentimiento y con su expresa oposición ha invadido y usurpado su propiedad y ha procedido a construir una habitación tan próxima al solar por ella poseído que dificulta la reparación de su casa y destruye "el carácter de privacidad del hogar de la demandante"; que la Junta de Planificación revocó el permiso concedido al demandado y le ha ordenado que no siga construyendo sobre el referido solar; que la demandante usaba como gallinero y para otros menesteres el patio que ha invadido y usurpado el demandado; que éste persiste en continuar usurpando e invadiendo el solar de la demandante; que no existe derecho alguno de servidumbre ni procedimiento ordinario adecuado, rápido y eficaz para impedir al demandado la continuación de los actos reseñados y "se hace necesaria, la restricción y prohibición de actos al demandado por medio de un *injunction* para evitar una multiplicidad de procedimientos; que una compensación pecuniaria no habrá de proporcionar adecuado remedio a la demandante...; y que sería sumamente difícil además precisar la cuantía de la compensación que pudiera proporcionar remedio adecuado." Se suplica se declare con lugar la demanda "y en definitiva [que se] dicte sentencia decretando un *injunction* perpetuo contra el demandado, prohibiéndole..."

Dadas las manifestaciones de las partes, la demanda puede considerarse como enmendada para ajustarla a un caso de interdicto posesorio. Véanse las Reglas 15 (*b*) y 81 de las de Enjuiciamiento Civil.

([2]) Así lo hizo constar afirmativamente durante la vista el letrado de la demandante.

([3]) La núm. 10 de las Reglas para la Administración del Tribunal de Primera Instancia, dispone que:

"Excepto cuando la naturaleza del asunto o alguna causa extraordinaria haga necesario un término mayor, *los casos contenciosos se resolverán dentro de cuarenta y cinco (45) días* y los demás asuntos judiciales dentro de quince (15) días, ambos términos contados a partir de la fecha en que el asunto quedó sometido al tribunal." (Bastardillas nuestras.)

la razón. Conforme aparece de la transcripción de la evidencia, (pág. 150) al finalizar el juicio la corte concedió términos a las partes para la presentación de alegatos, reservándose su resolución en el caso. No se desprende, sin embargo, cuándo dichos alegatos quedaron radicados. Siendo ello así, no nos es posible concluir que la sentencia no fué dictada dentro de los 45 días a que alude la citada Regla. Además, aún en el supuesto de que el caso no se resolviera dentro de los 45 días de quedar sometido el caso al tribunal, ese término es meramente directivo y su incumplimiento no hace que la sentencia que en el caso se dicte resulte nula. *Cf. Bages & Cía., Inc.* v. *Corte,* 65 D.P.R. 218, 221; *Tardi* v. *Tardi,* 30 D.P.R. 225; *Franco* v. *Martínez,* 30 D.P.R. 859.

██ Sostiene en segundo lugar la apelante que el tribunal a quo erró al no efectuar la inspección ocular por ella solicitada. Tampoco tiene razón. En innumerables casos hemos resuelto que la concesión de una inspección de esta naturaleza descansa enteramente en la sana discreción del tribunal sentenciador. *Martínez* v. *Martínez,* 68 D.P.R. 203, 207; *Jiménez* v. *Fletcher,* 67 D.P.R. 165, 167. La lectura que hemos hecho de la transcripción de evidencia no nos convence de que el tribunal a quo abusara de esa discreción.

██ Insiste además la demandante en que el tribunal a quo erró en la apreciación de la prueba. En interdictos de esta naturaleza la única cuestión a ser determinada es el hecho en sí de la posesión, sin perjuicio de cualesquiera otros derechos que puedan tener las partes, que pueden ser dilucidados en una acción plenaria. *Janer* v. *Álvarez,* 75 D.P.R. 37, 40; *Sucn. Figueroa* v. *Hernández,* 72 D.P.R. 508, 512; *Rodríguez* v. *Suárez,* 71 D.P.R. 728, 734; *Mena* v. *Llerandi,* 70 D.P.R. 176, 179; *Navedo* v. *Amato,* 70 D.P.R. 673, 676 (nota 1); *Rivera* v. *Cancel,* 68 D.P.R. 365, 369. La prueba aducida por una y otra parte fué principalmente de carácter testifical. Resultó conflictiva pero el tribunal a quo, como era su deber, dirimió el conflicto dando crédito a la del demandado. *Silva* v. *Doe,* 75 D.P.R. 209, 224. En esto, a

nuestro juicio, no cometió error. Su conclusión en cuanto al hecho de la posesión está sostenida por la evidencia que tuvo ante sí. Bajo las circunstancias, tampoco podemos decir que se cometió este error. Véanse: *Santiago* v. *González*, 71 D.P.R. 942, 951; *Junta* v. *P. R. Am. Sugar Refinery*, 70 D.P.R. 361; *Santiago Carmona* v. *Méndez*, 52 D.P.R. 267, 271; *Vázquez* v. *Díaz*, 51 D.P.R. 175; *Hoyo* v. *Cortés*, 44 D.P.R. 946.

Finalmente alega la apelante que el tribunal sentenciador erró al condenarla al pago de costas y honorarios de abogado. La imposición de las primeras a la parte perdidosa es imperativa bajo los términos de la Ley núm. 411 de 11 de mayo de 1951, (pág. 1095). *Maysonet* v. *Sucn. Arcelay*, 70 D.P.R. 167, 175. La imposición de los honorarios también lo es si a juicio del tribunal sentenciador la parte contra la cual se dicta sentencia ha sido temeraria. *Soto* v. *Lugo*, 76 D.P.R. 444, 447; *Castro* v. *Payco, Inc.*, 75 D.P.R. 63, 75. Aunque en el caso de autos el tribunal a quo no dijo específicamente que la demandante hubiera sido temeraria, es de presumirse que esa fué su conclusión al condenarla al pago de honorarios. *Vélez* v. *Ríos*, 76 D.P.R. 860.

*No habiéndose cometido ninguno de los errores señalados, la sentencia apelada debe ser confirmada.*