# 98 DTA 127

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

JOSEPH MAYA GAMBINO
Demandante-Apelante

v.

ADMINISTRACION DE CORRECCION, LCDA. ZOE LABOY, ADMINISTRADORA;
EDGARDO COLOMBA, SUPERINTENDENTE, Y LOS MIEMBROS DE CLASIFICACION Y
TRATAMIENTO DEL 22 DE ABRIL DE 1997, ET AL.
Demandados-Apelados

Núm. KLAN-98-00001

San Juan, Puerto Rico, a 18 de marzo de 1998

Panel integrado por su presidente el Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

**I**

El apelante, señor Joseph Maya Gambino, presentó el 9 de marzo de 1998 ante nos Moción en Auxilio de Jurisdicción. De su faz se desprende que se está apelando de una Sentencia sobre *Mandamus* del Tribunal de Primera Instancia, Sala Superior de Ponce, dictada el 14 de enero de 1998 y archivada en autos copia de la notificación el 5 de febrero del mismo año, por lo que tratamos este recurso como uno de apelación. ■ Procede la desestimación de este recurso. Veamos.

En Primer lugar, el recurso adolece de los siguientes defectos: (i) no incluyó la cubierta del escrito en incumplimiento con la Regla 16 (s) ■ del Reglamento del Tribunal de Circuito de Apelaciones; (ii) no contiene debidamente enumeradas las partes requeridas por la Regla 16 (C). ■ *Ibid;* (iii) no incluyó las citas legales que establecen la jurisdicción y competencia del Tribunal, la fecha en que se

dictó la sentencia recurrida y cuándo éste se archivó en autos; no cumplió con el requisito de notificación dispuesto en las Reglas 14 y 15, *Ibid*; ■ hizo caso omiso de los requisitos de la Regla 70 (A), *Ibid,* en cuanto a la forma del documento, ya que está a espacio sencillo, ■ y (iv) no acompañó con el escrito el índice legal y el índice de materias, exigidos en la Regla 75, *Ibid,* y el índice al apéndice con las páginas enumeradas del mismo, requerido por las Reglas 16 y 74, *Ibid.*

En la práctica apelativa las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados por el tribunal, *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 125 (1975), siendo totalmente impermisible dejar al arbitrio de las partes qué disposiciones reglamentarias deben acatarse y cuáles no. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 659 (1987). Por ello es doctrina firmemente establecida que el incumplimiento con los requerimientos establecidos en el reglamento de un tribunal apelativo puede servir de fundamento para la desestimación de un recurso. *Id.* a la pág. 644.

Aunque en atención al incumplimiento con las antes mencionadas disposiciones reglamentarias procede la desestimación de este recurso de conformidad con la Regla 83 (B) (3) del Reglamento nuestro, *Ibid,* ya que no fue perfeccionado, estamos concsientes que el mismo podría volverse a presentar antes de que venza el término jurisdiccional de sesenta (60) días aplicable, o sea, antes del lunes 6 de abril próximo. Por ello y teniendo presente que el apelante está confinado y comparece por derecho propio, entendemos apropiado hacer los siguientes señalamientos.

El 22 de abril de 1997 el Comité de Clasificación y Tratamiento en las Instituciones Penales de la agencia recurrida ratificó la clasificación de la custodia del apelante en mediana seguridad. Este apeló el 27 de mayo del mismo año ante el Superintendente de Ponce, señor Edgardo Colomba, y el 9 de julio siguiente presentó una solicitud de *Mandamus* ante el Tribunal de Primera Instancia, quien declaró no ha lugar la misma. El apelante había solicitado ante dicho Foro que a pesar de no haberse agotado los remedios administrativos considerara su reclasificación y procediera a clasificarlo en custodia mínima o en su defecto que:

*"ordene a la parte demandada a hacer entrega inmediata del expediente del confinado al promovente, señale una vista antes [sic] el comité de reevaluación dentro del término perentorio de 10 días y escuche en dicha vista a los testigos y la prueba que tenga bien presentar el confinado promovente. Para que esta junta emita su determinación sobre la reevaluación del promovente dentro de los próximos 15 días luego de finalizada la vista."*

La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1998, establece en su Artículo 3.13 (g), 3 L.P.R.A. sec. 2163(g), que:

*"Todo caso sometido a un procedimiento adjudicativo ante una agencia deberá ser resuelto dentro de un término de seis (6) meses, desde su radicación, salvo en circunstancias excepcionales."*

De otro lado, el Artículo 3.14, 3 L.P.R.A. sec. 2164, dispone que:

*"Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la radicación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada."*

Se ha resuelto que dichos términos son directivos y no jurisdiccionales y que transcurridos el remedio adecuado en ley para obligar a que la agencia administrativa cumpla con su deber ministerial de adjudicar la controversia es el *Mandamus.* ■ D. Fernández, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme,* Colombia, Ed. Forum, 1993, págs. 470 y 471. *Olga Ortiz Roig v. Víctor Fajardo,* Núm. KLRA-98-00034, Resolución de 5 de marzo de 1998; *Juan Negrón Quiñones v. Ven Lour Enterprises Inc. y United Surety & Indemnity Co.,* Núm. KLAN-95-1233, Resolución de 31 de enero de 1996; *Rev. Alverto Rosario Iglesia de Dios Pentecostal v. José E. Delgado y Tomás Delgado,* Núm. KLRA-97-00367, Sentencia de 30 de enero de 1998. ■

Sin entrar a considerar si en el caso de autos procedía la expedición del *Mandamus,* consignamos,

como señala el apelante, que el 30 de octubre de 1997 el Comité de Clasificación y Tratamiento volvió a considerar la clasificación del grado de su custodia ratificando nuevamente la custodia de mediana seguridad. De esa Resolución, el apelante también apeló el 14 de noviembre de 1997 ante la Directora de Clasificación y Tratamiento, con copia a la Administradora de Corrección. Dicha apelación aparentemente todavía no ha sido considerada. Debemos presumir que la agencia apelada va a resolverla dentro del término dispuesto por ley, *supra*, el cual todavía no ha vencido. De no hacerlo, el apelante podrá presentar de nuevo una solicitud de *Mandamus* ante el Tribunal de Primera Instancia. Ciertamente, corresponde a dicha agencia resolver oportunamente los planteamientos del apelante, independientemente de cuando éste los planteó. En caso de no resolver de esos planteamientos o el apelante no estar conforme con el resultado, éste podrá solicitar la revisión del dictamen administrativo ante este Foro apelativo dentro de los términos dispuestos por ley, los cuales tienen que ser expresados en la resolución que dicte la agencia apelada, según requerido por la Sección 3.14 de la Ley Núm. 170 del 12 de agosto de 1988, 3 L.P.R.A. sec. 2164.

### III

En atención a lo anteriormente expresado se desestima este recurso de apelación en virtud de lo dispuesto en la Regla 83(B)(3) de nuestro Reglamento, *supra*.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 127

**1.** Ciertamente, el recurso apropiado debe ser el de apelación, en atención a que el Artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley 248 de 25 de diciembre de 1995, 4 L.P.R.A., sec. 22k dispone que:

El Tribunal de Circuito de Apelaciones conocerá de los siguientes asuntos:

a) Mediante recurso de Apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, *incluyendo el Tribunal de Distrito durante el proceso de su abolición.*

**2. B. Cubierta**

La cubierta del escrito contendrá solamente el epígrafe, el nombre, la dirección, el teléfono, el número de fax y el número de colegiado (a) del (de la) abogado (a) de la parte apelante y del (de la) abogado (a) de la parte apelada, o el nombre, dirección y teléfono de las partes si éstas no estuvieren representadas por abogado (a). Inmediatamente después habrá un índice detallado de la solicitud y de las autoridades citadas, conforme a lo dispuesto en la Regla 75 del Reglamento.

**3. C. Cuerpo**

(1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes apelantes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que fue dictada y la fecha en que se archivó en autos copia de la notificación; también una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación; además, se

especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Circuito de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) El Circuito Regional ante el cual se presenta la apelación.

(e) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(f) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

(g) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(h) La súplica.

4. La Regla 14, *supra*, dispone que:

*"(B) De presentarse el recurso de apelación en la Secretaría del Tribunal de Circuito de Apelaciones, la parte apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. El término aquí dispuesto será de cumplimiento estricto...*

*Tales mociones y escritos serán notificados simultáneamente a las partes en el recurso y en la moción o escrito se certificará la forma en que se hizo la notificación."*

De otro lado, la Regla 15, *supra*, establece en lo pertinente que:

*"La parte apelante, certificará al Tribunal de Circuito de Apelaciones, en el propio escrito de apelación, su cumplimiento con los términos dispuestos en las secciones pertinentes a la Regla 13..."*.

5. La Regla 70 dispone lo siguiente:

*"(A) Todo escrito que se presente ante el Tribunal de Circuito de Apelaciones deberá utilizar papel tamaño legal de ocho y media (8 1/2) pulgadas de ancho por catorce (14) pulgadas de largo y estar impreso por un solo lado, a doble espacio, en tipo pica o mayor (excepto las citas directas y las notas al calce), con un margen izquierdo no menor de media (1/2) pulgada. Si se utilizare un ordenador u otro sistema electrónico de preparación de escritos, el texto se imprimirá con letras íntegras y no mediante el tipo de impresión por puntos, también conocido como "dot matrix", a menos que sea tipo "letter quality".*

6. La única consecuencia que se prevé, que puede acarrear el hecho de no resolver durante el aludido período, es que se recurra al proceso para que se ponga en función el recurso de *mandamus*. Aparte de ese mecanismo no visualizamos otro recurso que pueda usarse para obligar a que se rinda una decisión por una agencia administrativa. D. Fernández, *infra*, pág. 471.

7. Véase, también, *Rodríguez v. Alcover*, 78 D.P.R. 822 (1955); *El Mundo Inc. v. Tribunal Superior*, 92 D.P.R. 791 (1965); *Junta Rel. Trabajo v. Corona Brewing Corp*, 83 D.P.R. 40 (1961); *G.M. Overseas Dist. Corp. v. D.A.C.O.*, 114 D.P.R. 5 (1983); y *Pueblo v. Mojica Cruz*, 115 D.P.R 569 (1984).